Bergan, J.
The petitioner’s restaurant liquor license for premises in the Bronx has been cancelled by the State Liquor Authority on charges that petitioner on several occasions had “ suffered or permitted gambling on the licensed premises ” and that his ‘ ‘ conduct ’ ’ was of such a nature as to warrant revocation.
It is not disputed that if all the evidence before the Authority were properly admissible, there would be fully adequate ground to cancel the liquor license. But substantial parts of the evidence obtained were either seized in pursuance of search warrants which were subsequently vacated by the court which issued them; or were the observations made by police in the course of executing the search warrants.
There was, however, no specific objection made at the hearings to the receipt of the evidence on the ground the warrants had been vacated and that the evidence was obtained in violation of petitioner’s rights; and not until after the decision adverse to petitioner was rendered by the Authority was the issue of a “violation of the licensee’s rights under the Fourth and Fourteenth Amendments to the Federal Constitution ” raised.
Two hearings were conducted, one addressed to a period in 1963, the other to a period in 1964, in which evidence was obtained under separate search warrants. There was no objection whatever made at the first hearing by the licensee to reception of evidence taken or observed in the course of the execution of that search warrant, and at the second hearing there was no objection made on the ground the evidence was obtained in violation of the licensee’s constitutional rights under the second search warrant.
At the end of the first hearing counsel for the licensee said that he would make the “ normal motion ” to dismiss the charges “ on the grounds that the evidence is insufficient and uncorroborated There is no suggestion in this that the licensee was asserting to the Authority that his constitutional rights had been invaded and that on this ground the evidence could not be received.
*424 For is any suggestion of this kind made when the proof resulting from the execution of the second seartih warrant was offered. When the policy slips seized by police under that search warrant were offered, counsel for the licensee said he was going to object to their reception. He proceeded to question the officer ‘ ‘ on the legitimacy” of the evidence as to what “these slips pretend to represent ”.
He then inquired whether the slips were taken in pursuance of a search warrant “ which you had ” and whether the warrant “ did not relate to any horse racing at all ”. The next question was whether the evidence had been ‘ ‘ improperly obtained ’ ’. The policeman answered that the warrant “ was controverted in court ’ ’.
There followed at once a statement by the attorney for the licensee which makes it clear what he meant by “ evidence ” that was “ improperly obtained ”. He said flatly: “ The search warrant you had had no relationship at all to any alleged horse betting.”
No Judge and no hearing office would reasonably be expected to infer from anything said by licensee’s counsel that there was any objection on constitutional grounds to the admission of this evidence. In respect of the first warrant to which there was no objection of any kind made, the police officer (Smyth) testified “ The warrant was controverted and the evidence was suppressed ”.
This proof was adduced by the licensee on cross-examination and when counsel asked the officer whether it was an ‘ ‘ Improperly obtained.” search warrant, the answer was “No, sir. I obtained it properly.” The Judge had vacated it because there was “ not enough probable cause to issue ” it.
The licensee pursues the argument in this court that since the record “ coldly discloses ” the “ evidence was suppressed ”, Ibis ‘ ‘ alerted the Commissioner to a vital constitutional issue ’ ’. This would imply that the hearing officer -ought to interpose objections which the counsel for the licensee does not choose to make.
The rule is, and ought to be, quite the other way. Unless objection is made, the point of admissibility of evidence is lost. The decision in People v. Friola (11 N Y 2d 157) has relevance. If there is need to raise the question in a criminal case, there *425 would seem a stronger need to raise it in an administrative proceeding. (See, also, Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127, 131, and People v. Weems, 17 N Y 2d 598.) The need for objection to preserve constitutional issues in a trial was discussed in several aspects recently in People v. De Renzzio (19 N Y 2d 45) and in People v. Castro (19 N Y 2d 14).
It was no error of law for the Authority to refuse to reopen the proceeding for a “ rehearing ”. The rehearing was sought to assert the constitutional question. This seems an implicit admission that the constitutional question was not raised when it should have been. The denial of such an application is not on this record an error of law which would justify interference.
The constitutional and legal issue on admissibility of evidence has not been preserved by the licensee and on this ground, without reaching the other questions raised, the order should be reversed and the petition dismissed, with costs.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scileppi and Keating concur; Judge Breitel taking no part.
Order reversed and petition dismissed, with costs in this court and in the Appellate Division.