■ In the Matter of WILLIAM T. McPHERSON, Petitioner, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents.—Determination of respondent housing authority dismissing petitioner from his employment as a housing patrolman, dated on or about May 6, 1973, unanimously modified, on the law, and petitioner's application is granted in part to strike the finding of guilt as to charge one, and to dismiss such charge, and to remand to the Supreme Court, New York County, to hear and determine the amount of compensation, if any, due petitioner for the period in excess of 30 days between his suspension without pay on August 14, 1971, and the determination herein sought to be annulled. Any sums earned by petitioner during such period shall be deducted from the amount so found (Civil Service Law, § 75, subd. 3; *Matter of Amkraut v Hults,* 21 AD2d 260, affd 15 NY2d 627). As so modified, the determination is otherwise confirmed, without costs and without disbursements. On this appeal petitioner asserts, *inter alia,* there is a lack of substantial evidence to support the determination and that it was prejudicial error for the hearing officer to admit into evidence and to consider and primarily base his determination upon evidence illegally obtained which had been suppressed on motion by the trial court and the charge relating thereto dismissed. Of the three charges preferred against petitioner, all of which were sustained, attention is directed to the first charge, that on August 14, 1971, in violation of law, petitioner possessed dangerous drugs and hypodermic instruments. A criminal charge relating to such possession had been lodged against petitioner in the Criminal Court. The trial court granted petitioner's motion to suppress on the ground that such evidence was obtained as the result of an illegal search and seizure. It is now recognized that the exclusionary rule of *Mapp v Ohio* (367 US 643) applies to administrative proceedings, as well as criminal prosecutions *(Matter of Finn's Liq. Shop v State Liq. Auth.,* 24 NY2d 647, cert den 396 US 840). Accordingly, the finding of guilt on such charge embraced in the determination below should be annulled and the charge with respect thereto dismissed. While the accounts of what actually occurred on August 14, 1971 differed somewhat in detail, it was the province of the trial officer and the administrative body to pass upon the credibility of the witnesses *(Matter of Avon Bar & Grill v O'Connell,* 301 NY 150, 153). The finding of guilt with respect to the remaining charges is supported by substantial evidence and will not be disturbed. The fact that petitioner was off-duty at the time of the acts alleged, does not warrant interference with the determination in light of the nature and character of petitioner's employment. After finding petitioner guilty of the charges, the trial officer could quite properly consider petitioner's prior disciplinary record. The trial officer noted that any one of the charges of which petitioner was found guilty "when coupled with the employee's below standard work performance would be sufficient to warrant a recommendation of dismissal." The findings and decision of the trial officer were confirmed by resolution of respondents and his recommendation of dismissal adopted. Such action was reasonably within the permissible scope of discipline and, on this record, cannot be said to be so disproportionate to the offenses charged as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County* 34 NY2d 222). Determination modified, on the law, to strike the finding of guilt as to charge one, and to dismiss such charge, and to remand to the Supreme Court for a hearing and determination as heretofore directed. As so modified the determination

is otherwise confirmed, without costs to either party. Concur—Stevens, J. P., Markewich, Lupiano, Capozzoli and Nunez, JJ.