OPINION OF THE COURT
John C. Marbach, J.
On this proceeding on a writ of habeas corpus, petitioner seeks release from custody and restoration to parole. Petitioner contends that the revocation of his parole is based solely on illegally seized evidence, that a later admission made to his parole officer was tainted due to the illegal seizure, and that there was insufficient evidence as a matter of law to sustain the violation of parole.
The facts are, briefly, that petitioner was arrested in New York City on May 18, 1979. The arrest was made by New York City police after they seized petitioner and another individual at gunpoint and searched an attaché case carried by petitioner, which search revealed the presence of an unloaded pellet gun. The gunpoint seizure occurred after the police observed what they deemed to be suspicious activities of petitioner and his companion in and around a bank. It is clear that no robbery or attempted robbery was committed and the police made no formal charges against petitioner other than to issue him a summons for possession of the pellet gun, appar *483 ently a violation of the New York City Administrative Code. Before petitioner was released by the police, his parole officer was summoned and petitioner admitted to the parole officer his possession of the pellet gun, although he offered an innocent explanation of the possession.
As a result of the foregoing, a parole revocation proceeding was begun in which petitioner was charged with a parole violation in that he possessed a weapon. At the parole revocation hearing held on August 9, 1979, the pellet gun itself was not introduced in evidence, nor was there any evidence offered concerning its operability. Counsel for petitioner objected to the introduction of any evidence of petitioner’s possession of the pellet gun on the grounds that the gun represented illegally seized evidence and that the later admission made to the parole officer was "fruit of the poisonous tree”. The evidence was, nevertheless, received, petitioner was found guilty of the charge, and his parole was revoked.
It is clear on this record that one of the conditions of petitioner’s parole was that he not possess "firearms or weapons of any kind”. The pellet gun in question here was gas operated, but when seized, contained neither pellets nor a gas cartridge. The pellet gun is clearly not a firearm although it may be considered a deadly weápon if loaded and operable (People v Jones, 54 AD2d 740), and possessed with intent to use it unlawfully against another (Penal Law, § 265.01, subd [2]). The mere possession of a pellet gun is not proscribed by the Penal Law except as to persons under the age of 16 (Penal Law, § 265.05) although, as noted earlier, it is apparently a violation of the New York City Administrative Code.
With the above as background, the court turns to petitioner’s contention that there was no proof that the object seized from petitioner was a weapon. On this record, there is no indication that the term "weapon” is further defined in the written conditions of parole or otherwise. If this were a criminal prosecution, it is clear that no conviction for possession of a weapon could be sustained absent proof of the pellet gun’s operability (People v Fwilo, 47 AD2d 727). While the court recognizes that a parole revocation proceeding is not a criminal prosecution, it seems reasonable to require respondent to prove that the object possessed by petitioner was, in fact, an instrument capable of inflicting harm, i.e., a weapon. Since respondent has failed to provide such proof, the violation charged has not been sustained. The court finds that *484 petitioner’s incarceration is thus unlawful and that he is entitled to be restored to parole. The court finds it unnecessary to reach the constitutional issues raised, although if called upon to do so, it would be constrained to rule the pellet gun to be illegally seized evidence (People v Cantor, 36 NY2d 106), the admission made to be tainted by illegality (Brown v Illinois, 422 US 590), and the admission of the illegal evidence a violation of petitioner’s due process rights (People ex rel. Piccarillo v New York State Bd. of Parole, 64 AD2d 642).