OPINION OF THE COURT
Jasen, J.
Presented for our determination on this appeal is the question whether the exclusionary rule proscribes the use of evidence at a parole revocation hearing when such evidence is determined by a court to be the fruit of an illegal search and seizure.
The facts are not in dispute and, for purposes related to this appeal, may be simply stated. On January 12, 1977, petitioner Piccarillo, who was serving three concurrent sentences for attempted robbery, was released on parole. Thereafter, in the early morning hours of May 22, 1977, petitioner, while proceeding south on Coney Island Avenue, was stopped by a New York City police officer for driving a motor vehicle without operational taillights. A subsequent search of the vehicle revealed a container of pills lodged under the armrest and *79 petitioner was arrested and charged with possession of a controlled substance.[1]
At a preliminary parole revocation hearing held on July 1, 1977, probable cause to revoke parole was found. The final hearing was conducted on August 31, 1977, and petitioner’s parole was revoked based upon the finding that petitioner had "failed to lead a law-abiding life in that on [May 22, 1977 petitioner’s] behavior was such as it constituted an act of criminal possession of a controlled substance, possession of 595 alleged [amphetamine] pills.”
At the commencement of the final parole revocation hearing, petitioner moved to suppress the evidence obtained during the search of his automobile alleging that the search had been conducted in violation of his constitutional rights.[2] Petitioner also requested that the charge predicated on the discovery of the amphetamine pills be "dismissed” pending the outcome of his criminal trial. Both of these motions were denied.[3] As a result, the hearing proceeded and the arresting officer testified as to the discovery of the pills and a police department laboratory report was introduced into evidence confirming that the pills were, in fact, amphetamines. Solely on the basis of this evidence, petitioner’s parole was revoked.
Thereafter, on October 21, 1977, petitioner’s motion to suppress the evidence in the criminal case was heard. The court, concluding that the search of the automobile was conducted illegally, granted petitioner’s motion to suppress.[4] Petitioner then initiated this habeas corpus proceeding contending that the Board of Parole should not have considered the suppressed evidence in arriving at its determination and requested that he be restored to parole status. Supreme Court *80 denied the requested relief reasoning that "[t]he underlying facts which were the basis for revoking the parole status of the petitioner, were a proper subject of consideration by the Parole Board regardless of whether or not they were suppressed in the criminal proceedings”.[5] On appeal, a unanimous Appellate Division reversed and restored petitioner to parole holding, in essence, that the exclusionary rule applies to parole revocation hearings. There should be an affirmance.
Our initial task in resolving the issue presented on this appeal is to define the nature of a parole revocation hearing. It is immediately apparent that such hearing cannot be characterized as a criminal trial conducted to. determine the guilt or innocence of an individual accused of committing a criminal offense. (People ex rel. Maggio v Casscles, 28 NY2d 415, 418.) Rather, a parole revocation hearing is in the nature of an administrative proceeding at which it is determined whether a parolee has transgressed the conditions of his or her parole. (Id.; People ex rel. Menechino v Warden, 27 NY2d 376, 382.)
Although parole revocation hearings are classified as administrative proceedings, courts must, nonetheless, remain sensitive to the serious, if not irreparable, consequences which may befall a parolee if the charges of misconduct are sustained by the Board of Parole. Indisputably, "[w]hen all the legal niceties are laid aside a proceeding to revoke parole involves the right of an individual to continue at liberty or to be imprisoned. It involves a deprivation of liberty just as much as did *81 the original criminal action”. (People ex rel. Combs v La Vallee, 29 AD2d 128, 131, app dsmd 22 NY2d 857.)
With this background in mind, we now address the specific issue raised on this appeal, to wit: whether the exclusionary rule prohibits the consideration of evidence at a parole revocation hearing when such evidence is found by a court of law to be seized illegally.
It can no longer be disputed that the exclusionary rule is applicable to administrative as well as criminal proceedings in New York. (See People v McGrath, 46 NY2d 12, 21, cert den 440 US 972; Matter of Finn’s Liq. Shop v State Liq. Auth., 24 NY2d 647, supra; Matter of Leogrande v State Liq. Auth., 25 AD2d 225, revd on other grounds 19 NY2d 418; Matter of McPherson v New York City Housing Auth., 47 AD2d 828.) The rationale for applying the exclusionary rule to administrative proceedings is simple and direct. As former Chief Judge Fuld cogently stated: "To the extent that the State, or its agents, can bypass the deterrent effect of the exclusionary rule by using the fruits of an illegal search in a 'civil’ or 'administrative’ proceeding, the incentive for enforcement and investigative personnel to exceed constitutional limitations on their activity remains and the effectiveness of the rule as a deterrent is diminished.” (Matter of Finn’s Liq. Shop v State Liq. Auth., 24 NY2d, at p 653, supra; see Matter of Leogrande v State Liq. Auth., 25 AD2d, at pp 231-232, supra.) In short, the exclusionary rule — a sanction predicated on a theory of deterrence and fashioned by the judiciary to compel respect for constitutionally guaranteed rights — may not be subverted by permitting illegally seized evidence, unavailable in criminal actions, to be used in an administrative proceeding.
Respondents would now have this court carve from this rule prohibiting the introduction of illegally seized evidence at an administrative proceeding an exception when the target of the illegal activity of the police officers is a parolee and the administrative proceeding involved is a parole revocation hearing. This, we decline to do.[6]
*82 It is beyond dispute that an individual, upon acquiring his status as a parolee, does not relinquish all constitutionally guaranteed rights. (See Morrissey v Brewer, 408 US 471; cf. Gagnon v Scarpelli, 411 US 778.) Although a parolee is legally in custody and subject to supervision, his right to be free from unreasonable searches and seizures, guaranteed by both Federal and State Constitutions (US Const, 4th Amdt; NY Const, art I, § 12), remains inviolate. (See People v Jackson, 46 NY2d 171, 174; People v Huntley, 43 NY2d 175, 180-181.) While the law is certainly well settled that a person’s status as a parolee bears upon the issue of whether a particular search or seizure is unreasonable (see, e.g., People v Huntley, 43 NY2d, at p 181, supra; United States ex rel. Santos v New York State Bd. of Parole, 441 F2d 1216, 1218), this consideration is germane only to an evaluation of whether a parolee’s constitutional rights have been violated by the alleged illegal conduct of public officials and has little, if any, relevance to the issue whether the exclusionary rule should serve to proscribe the use of evidence at a parole revocation hearing when such evidence is determined by a court to be the fruit of an unreasonable search and seizure.
Having concluded that a parolee’s status per se does not justify departure from the settled rule in this State that the exclusionary rule is applicable to administrative proceedings— here, a parole revocation hearing — one further consideration requires discussion. It has been suggested that any deterrent effect which may be achieved by applying the exclusionary rule to parole revocation hearings is outweighed by the pressing need of Parole Boards, charged with both the responsibility of protecting society and the rehabilitation of those persons placed in their custody, to possess all relevant information when rendering the sensitive decision as to a convicted criminal offender’s parole status. (See, e.g., United States ex rel. Sperling v Fitzpatrick, 426 F2d 1161; Matter of Martinez, 1 Cal 3d 641, supra.) While the need to preserve and enhance the effectiveness of the Parole Board’s function is certainly a worthwhile objective, we disagree with the conclusion that this concern renders the exclusionary rule inapplicable to parole revocation hearings. The exclusionary rule is addressed to the insidiousness of unreasonable searches and seizures, and the theory upon which it rests, namely deterrence, "would not be served if the illegal official activity could be used, despite unavailability in criminal proceedings, to effect paral *83 lei sanctions * * * in an administrative proceeding.” (Matter of Leogrande, 25 AD2d 225, 232, supra.)
In sum, our decision today holding that the exclusionary rule proscribes the use of illegally seized evidence at a parole revocation hearing is predicated both upon the recognition that a parolee’s right to be free from unreasonable searches and seizures, guaranteed by both Federal and State Constitutions, remains inviolate and upon the well-established policy in this State prohibiting the use of illegally seized evidence at an administrative proceeding when such evidence is determined by a court to be unavailable in a criminal action. To draw a distinction between criminal actions and parole revocation hearings when applying the exclusionary rule would, in our opinion, serve only to undermine the effectiveness of the rule as a deterrent.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, without costs.

. Petitioner was subsequently indicted for a misdemeanor violation.

. The proper procedure to be followed where there is a criminal proceeding pending and a parolee seeks to suppress evidence at a parole revocation hearing would be for the Board of Parole to adjourn the hearing pending the determination of the parolee’s application to the court for an order to suppress. This is, of course, not to say that the Board of Parole is precluded from continuing the parole revocation hearing if only evidence, which is not the subject of the suppression motion, is considered.

. We conclude that these motions, promptly interposed by petitioner’s attorney at the commencement of the parole revocation hearing, serve to preserve the issue presented herein for our review. (Compare Matter of Finn’s Liq. Shop v State Liq. Auth., 24 NY2d 647, cert den 396 US 840, with Matter of Leogrande v State Liq. Auth., 19 NY2d 418.)

. The criminal charges pending against petitioner were dismissed on November 21, 1977.

. Supreme Court, Kings County, dismissed the petition on the condition that a new final hearing be scheduled by the Board of Parole within a specified time period. Although neither the record nor Supreme Court’s decision indicates the reason adopted by the court in ordering a new hearing, it can be assumed that Supreme Court accepted one or more of petitioner’s alternate contentions. Petitioner argued, inter alia, that it was error for respondent Board of Parole not to disclose either the recommendation section of the parole analysis or petitioner’s parole file.
Thereafter, on January 10, 1978, the subsequent parole revocation hearing was held. Petitioner once again moved to have the evidence pertaining to the car search suppressed, such motion being denied on the ground that the Board of Parole was bound by the decision of Supreme Court holding that the evidence was admissible. After the hearing, the board adhered to its prior determination revoking parole. Petitioner initiated another habeas corpus proceeding in Supreme Court, Westchester County, apparently alleging grounds similar to those set forth in his prior petition. This petition was sustained on the ground that petitioner was denied proper discovery, and a new hearing was again ordered. Respondent Board of Parole’s appeal from this latter judgment was dismissed as moot in light of the Appellate Division’s disposition of petitioner’s appeal from the judgment of Supreme Court, Kings County. Respondent has not appealed from this dismissal.

. In so holding, we recognize that other courts have held that the exclusionary rule need not be applied to parole revocation hearings (e. g., United States ex rel. Sperling v United States, 426 F2d 1161; Matter of Martinez, 1 Cal 3d 641, cert den 400 US 851), or to probation revocation hearings (e.g., United States v Vandemark, 522 F2d 1019; United States v Farmer, 512 F2d 160; see, generally, Admissibility, in State Probation Revocation Proceedings, of Evidence Obtained Through Illegal Search and Seizure, Ann., 77 ALR3d 636, 641-643).