■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER JONES, by STEVE SANDLER, Appellant, v NEW YORK STATE BOARD OF PAROLE et al., Respondents.—Judgment, Supreme Court, Bronx County, entered July 27, 1979, dismissing petitioner-appellant's application pursuant to CPLR article 70 for a writ of habeas corpus, unanimously reversed, on the law, the writ granted and parole reinstated, without costs. Appellant, a parolee, was arrested and searched on December 12, 1978, without preliminary inquiry, in the mistaken belief that he was another person. The search revealed a gun. Appellant, charged with possession of a weapon, was assigned counsel and arraigned, and was remanded to Rikers Island in lieu of bail. He was subsequently indicted for that charge, a motion to suppress the gun was granted, and the case was dismissed. Two days after the arrest, December 14, 1978, as required by the rules of parole release, appellant telephoned his parole officer from Rikers Island to inform him of the arrest. In response to the parole officer's questions, appellant admitted that he was "caught red handed with a gun".* On December 19, 1978, the parole officer went to

---

* The position of the Attorney-General is that the admissions were voluntary and spontaneous, but see minutes of parole revocation hearing: "Q. This wasn't a one-way conversation is that correct? You asked him questions, and he gave you answers? A. Yes, we had exchanges. Q. At some point, he told you he was caught red-handed and made a statement to the effect that he was caught red-handed with a gun? A. Right. Q. That was sometime into the conversation? He didn't call up on the phone and say Mr. Kao, I was caught red-handed with the gun? A. That wasn't his first sentence, no."

Rikers Island to interview appellant and obtained substantially the same admissions. During neither interview was appellant given his *Miranda* warnings, nor was his counsel notified. Appellant's final revocation hearing was held on March 22, 1979. The parole officer was the sole witness, and the violation of parole was sustained primarily on his testimony concerning the appellant's admissions. Petitioner brought on a writ of habeas corpus in Supreme Court, which was dismissed, the court finding "that there was sufficient attenuation between the illegal arrest, search and seizure, and the admissions made days later to the Parole Officer." The exclusionary rule has been held to apply to parole revocation hearings. *(People ex rel. Piccarillo v New York State Bd. of Parole,* 48 NY2d 76.) Therefore, in order to be admissible at such a hearing, appellant's statements must not have been obtained by exploitation of the primary illegality, i.e., the illegal arrest, search and seizure, but by means sufficiently distinguishable to be purged of the primary taint, i.e., it must not be "the fruit of the poisoned tree." *(Wong Sun v United States,* 371 US 471.) The burden of admissibility rests upon the prosecution. The confession or admission must be shown to be an act of free will, unaffected by the initial illegality, and the causal connection between the illegality and the confession must be shown to have been broken. *(Brown v Illinois,* 422 US 590.) The question of whether confession is the product of free will under *Wong Sun (supra)* must be answered on the facts of each case. *Brown (supra)* sets forth several factors which are relevant in determining whether a confession or admission is obtained by exploitation of an illegal arrest. The first of these was whether the *Miranda* warnings were given—not from a Fifth Amendment but from a Fourth Amendment viewpoint. That is, whether they might serve as an intervening, or attenuating, factor between the arrest, etc., and the statement. Here, no such warnings were given. The second such factor was the temporal proximity of the arrest and the confession. Appellant made his obligatory telephone call to the parole officer two days after the arrest. The respondents and the court below both apparently believed that the passage of these two days was alone sufficient attenuation to legitimatize the statements. However, "The temporal relationship between the arrest and the confession may be an ambigious factor. If there are no relevant intervening circumstances, a prolonged detention may well be a more serious exploitation of an illegal arrest than a short one." *(Dunaway v New York,* 442 US 200, 220, Stevens, J., concurring.) Thus, this two-day detention before the first statement was not an attenuation, but was a continuation of the chain of circumstances commenced by the illegal arrest. The third factor listed by the *Brown* court was the presence of intervening circumstances. No such circumstances of any significance have been shown to exist here. The last of the factors mentioned, the purpose and flagrancy of the official misconduct, is not important to the analysis of this case. Here, the police arrested appellant, based upon a photograph of another man. Simple inquiry, prior to the arrest, might well have satisfied them as to his identity. However, the arrest was not merely for investigatory purposes, nor was it for harassment or otherwise based upon appellant's parole status and could not be said to have induced the confession as a result of its flagrancy and purposefulness. The second statement, made five days later to the parole officer, was clearly the result and the fruit of the first. Appellant was still incarcerated at Rikers Island; his attorney was not present; no *Miranda* warnings were given him; he had the anticipation, or at least hope, of leniency; and the obligation, pursuant to the rules of parole release, of co-operating with, and telling the truth to his parole officer. All of these bolstered the pressures for

him to give the second statement, or at least vitiated any incentive on his part to avoid self incrimination. (Brown v Illinois, supra, p 605, n 12.) We conclude that the respondents have failed to sustain the burden of showing that there was sufficient attenuation between the illegal arrest, search and seizure and the admissions made to the parole officer, and, therefore, they have not shown that the evidence in question was admissible under Wong Sun and Brown. Our decision on Fourth Amendment grounds makes consideration of the Fifth and Sixth Amendment issues, raised by appellant, unnecessary. Concur—Sandler, J. P., Sullivan, Markewich and Carro, JJ. Lupiano, J., concurs in the result only.