OPINION OF THE COURT
Lawrence E. Kahn, J.
In this CPLR article 78 proceeding, petitioner seeks a judgment annulling the 58-month minimum period of imprisonment (MPI) determination made by respondents, and a further judgment ordering a new MPI hearing. Petitioner is currently an inmate at the Great Meadow Correctional Facility, serving an indeterminate sentence of zero to seven years for rape in the first degree and sodomy in the first degree. Said convictions stem from an incident in which petitioner and another man raped a 19-year-old woman, and then forced her to commit oral sodomy upon them.
The petitioner appeared before the Parole Board pursuant to section 259-i of the Executive Law for the purpose of *515 determining his MPI. The respondent, Parole Board, established the MPI at 58 months, which was thereafter affirmed by an appellate panel of the board on April 17, 1980.
Petitioner asserts that the board’s decision was arbitrary, capricious and contrary to law in that in evaluating the forcible contact of the petitioner’s act of rape and sodomy, the board recorded a “2”, thus indicating that the crime caused serious injury to the victim. Petitioner specifically challenges the provision in the Parole Board’s manual which requires panelists to record a “2” in all cases where a completed rape has occurred. Petitioner objects based upon the assertion that there was no evidence on the record before the respondent, Board of Parole, actually setting forth the precise nature of the rape victim’s injuries. This court finds that argument totally without merit. This court finds that the board was justified in its policy determination that the forcible contact inherent in all completed acts of rape and sodomy should be scored as a “2” on the MPI forms, regardless of the actual physical injury incurred by the victim in each case. The definition of “serious injury” employed by the board for determining minimum periods of "imprisonment is not and is not required to be “serious physical injury” as defined in subdivision 10 of section 10.00 of the Penal Law. This requirement of recording a “2” in all such cases is not arbitrary or capricious, but rather, validly takes into account, not only the physical damage done to the victim, but also the psychological and emotional trauma suffered by victims of the crimes of rape and sodomy in the first degree. Serious injury, in such cases, is not measured only in terms of physical scars or mending bones, but rather, considers the victim’s psychological and emotional scars, which may never heal.
The Court of Appeals has recently had occasion to pass upon the basic concepts involved in the review of MPI proceedings in Matter of Russo v New York State Bd. of Parole (50 NY2d 69). Therein, the court held that in order for a determination that the board’s actions are arbitrary in the establishment of an MPI, there must be “a showing of irrationality bordering on impropriety” (Matter of Russo v New York State Bd. of Parole, supra, p 77).
*516 In establishing the petitioner’s MPI at 58 months, respondents stated that: “You have a history of assaultive behavior, possession of weapons, drugs and violation of parole. In the instant offense both you and your co-defendant raped the victim. This time is set considering the gravity of the offense and your need for counseling and therapy due to the sexual overtones of the offense.” Petitioner contends that the decision allegedly contained inaccurate maximum expiration and conditional release dates. Such a contention is groundless. These dates have no bearing upon the Parole Board’s MPI determination (Matter of Russo v New York State Bd. of Parole, supra, p 77, n 6).
Petitioner’s fourth cause of action alleges that the board exceeded its authority by establishing an MPI which extended past petitioner’s conditional release date. Penal Law provisions providing for a conditional release, and the entire process by which the respondent makes an MPI determination, are not related and serve “differing purposes”. (Matter of Russo v New York State Bd. of Parole, supra, p 77, n 6.)
Finally, this court has reviewed petitioner’s fifth cause of action which alleges that the respondent, Board of Parole, failed to follow its own regulations when it noted that the petitioner was in need of counseling and therapy, and petitioner’s sixth cause of action which alleges that the board exceeded its jurisdiction when it considered petitioner’s need for therapy. Both fail to state a cause of action. Section 259-i (subd 1, par [a]) of the Executive Law requires that the regulations established by the board must provide for “consideration of any mitigating and aggravating factors”. The petitioner’s MPI was established in accordance with the applicable provisions of the Executive Law and the rules and regulations promulgated thereunder, and in accordance with the recent Court of Appeals decision in Matter of Russo v New York State Bd. of Parole (supra). The petition shall be dismissed.