OPINION OF THE COURT
Gerard E. Delaney, J.
Petitioner-relator was convicted of robbery in the third degree and was sentenced by the Supreme Court of Queens County on July 25,1979, to an indeterminate term of 3 to 9 years. He was paroled on or about January 8,1982, with a maximum expiration date of September 15, 1987. On March 12, 1984, relator was arrested in the State of New Jersey and was charged with possession of two revolvers; on that same date he was declared delinquent in the State of New York for violation of parole conditions, to wit, leaving the State of New York without permission and possession of two loaded revolvers. On March 19, 1984, relator was released on bail in the State of New Jersey and the charges on such date remain pending as of this date. On March 30, 1984, petitioner-relator reported to his New York parole officer and advised him of the March 12, 1984 *257 arrest. During the course of such interview with the parole officer, petitioner allegedly admitted to the possession of the two revolvers and on that date a parole violation warrant was issued and executed against him. Petitioner was charged with three violations of parole; charge No. 1 for the possession of two revolvers; charge No. 2 the leaving of New York State without permission or approval of his parole officer; and charge No. 3 that he failed to immediately notify his parole officer of his March 12 arrest and, in substance, waited to do an office report on March 20, 1984.
Petitioner-relator waived a preliminary hearing on March 20,1984, and on May 2,1984, a final parole revocation hearing was held. Petitioner-relator pleaded not guilty to charges Nos. 1 and 3 and pleaded guilty with an explanation to charge No. 2. At the conclusion of the hearing charge No. 3 was dismissed, however, on or about June 6, 1984, the Division of Parole rendered a decision sustaining the charges rendered by the hearing officer insofar as it alleged violations on counts Nos. 1 and 2; it revoked the relator’s parole and ordered his reincarceration for two years prior to reparole consideration. The relator is presently incarcerated in Ossining Correctional Facility pursuant to such revocation decision and apparently the criminal weapons possession charge remains pending in the State of New Jersey.
It is petitioner-relator’s main contention on this writ of habeas corpus that his continued detention is illegal because the Parole Board unlawfully refused to defer action on charge No. 1, i.e., the gun possession charge, until a suppression ruling could be obtained in the court and the State of New Jersey. It is noted that petitioner-relator herein did not seek a determination of suppression issues as raised at the initial parole revocation hearing, rather he seeks vacatur of the Board’s revocation decision itself, without prejudice until such time as the New Jersey court in which the criminal charges are pending rules on the issue. Petitioner-relator made this same argument at the parole revocation hearing in order to have the delinquency canceled without prejudice pending the court disposition of the New Jersey criminal charges. At such hearing, petitioner-relator argued in the alternative that the hearing *258 should have proceeded only with respect to charges Nos. 2 and 3 and that charge No. 1 should be withdrawn without prejudice. All such motions were denied at the parole revocation hearing.
As indicated by petitioner-relator, it is not this court’s function at this stage to determine the merits, or lack thereof, of his motion to suppress not only the physical evidence but statements made to his parole officer but rather, to rule on petitioner’s procedural argument as to the course of conduct of the hearing parole officer in continuing the hearing without granting such adjournment. Petitioner-relator relies in main upon the case of People ex rel. Piccarillo v New York State Bd. of Parole (48 NY2d 76). Piccarillo specifically ruled that the exclusionary rule is applicable to parole revocation hearings “when such evidence is determined by a court to be the fruit of an illegal search and seizure.” (Supra, at p 78.) In Piccarillo the petitioner therein had at the time of his final parole revocation hearing, moved to suppress contraband obtained during the course of the search of his automobile, alleging that the search had been conducted in violation of his constitutional rights and also sought dismissal of the parole charges pending the outcome of the criminal trial. Both of those motions were denied and petitioner’s parole was revoked. Two months after Piccarillo’s parole revocation in a hearing on the criminal case, the court concluded that the search of his automobile was conducted illegally and granted petitioner’s motion to suppress the evidence whereupon petitioner then sought a writ of habeas corpus for parole reconsideration. The Board held a subsequent parole revocation hearing and adhered to its original determination revoking parole. On appeal, the New York Court of Appeals held that the exclusionary rule proscribes the use of illegally seized evidence at the parole revocation hearing inasmuch as it was predicated upon “the recognition that a parolee’s right to be free [of] unreasonable searches and seizures, guaranteed by both Federal and State Constitutions, remains inviolate and upon the well-established policy in this State prohibiting the use of illegally seized evidence at an administrative proceeding when such evidence is determined by a court to be unavail *259 able in a criminal action.” (Supra, at p 83; emphasis added.)
In a footnote, the court further stated that “[t]he proper procedure to be followed where there is a criminal proceeding pending and a parolee seeks to suppress evidence at a parole revocation hearing would be for the Board of Parole to adjourn the hearing pending the determination of the parolee’s application to the court for an order to suppress.” (People ex rel. Piccarillo v New York State Bd. of Parole, supra, at p 79, n 2.)
When the Piccarillo decision (supra) was brought to the attention of the hearing officer, it was his determination that “the Piccarillo rule applies only where you have a pending suppression motion”. Compare this with the language in Piccarillo (supra, p 79, n 2), which talks of a “criminal proceeding pending”. Inasmuch as there was no “pending suppression motion” in the New Jersey courts, the hearing officer denied this objection of petitioner to the continuance of the hearing.
It is petitioner’s position that the appropriate procedure would have been either (1) to cancel the delinquency without prejudice and vacate the warrants so that relator could return to New Jersey and face the charges and obtain a suppression ruling or (2) to withdraw charge No. 1 without prejudice and proceed with the revocation hearing only with respect to the other alleged violations. Therefore, it is argued by petitioner-relator that he will serve at least two years in New York pursuant to the revocation decision before he can return to New Jersey to obtain a suppression ruling and that “such a result is clearly not consistent with the holding and import at Piccarillo”. As of this date, apparently no detaining warrant has been filed against petitioner in the State of New York by the State of New Jersey although the charges in the State of New Jersey remain pending.
Of import under the above-stated facts, is that on the date of the hearing in question, petitioner-relator specifically did not request an adjournment or postponement of the violation hearing. Indeed, counsel for petitioner-relator stated, inter alia, “if the case were pending here, we could postpone the hearing; have him produced in Court and *260 await the outcome, and pending the outcome, proceed with the Parole Hearing. However, the case is in New Jersey and if we adjourn the hearing, Mr. Fleming will sit in jail on the parole warrant without being produced to have a suppression hearing and day in court. It is my suggestion and motion, based upon this unique set of facts, the only fair alternative is of a cancellation, pending Court disposition; a withdrawal without pending disposition against the parolee, and depending on the results there in Newark, the Board could renew its warrant * * * it is clear the correct procedure is for the Parole Board to await the disposition of the suppression hearing.”
On the instant motion, counsel for petitioner-relator states “an adjournment would not have resolved any issues; would merely have brought the matter to a standstill * * * thus, petitioner could not have possibly resolved the suppression issue by adjourning his hearing. Petitioner would have merely remained incarcerated in New York while the New Jersey charge remained dormant * * * rather than adjourning the Parole Revocation Hearing indefinitely while the case remained in limbo, as suggested by respondents, the proper procedure would have been for the Parole Board to refrain from consideration of the gun possession charge until after resolution of the suppression issue.”
While Piccarillo (supra) indeed extended the applicability of the exclusionary rule to parole revocation hearings, it is still for the courts and not for the hearing officer to determine the merits of the suppression motion. (People ex rel. Piccarillo v New York State Bd. of Parole, 48 NY2d, at p 78.) While the basic decision as to whether or not to have granted an adjournment remains as a matter of discretion for the hearing officer (cf. 9 NYCRR 8005.17 [c] [1]), such is to be read in light of Piccarillo when constitutional claims are advanced and People ex rel. Dowdy v Smith (48 NY2d 477), when there may, indeed, be defenses to the underlying act. (See, also, People ex rel. Matthews v New York State Div. of Parole, 58 NY2d 196, 204-205.)
“It is the petitioner’s obligation to raise issues meriting the adjournment to the hearing officer * * *
*261 “[i]n deciding whether or not to grant an adjournment, a hearing officer must weigh the necessity of a speedy revocation hearing against the need to defer to the criminal courts until such time as issues involving the parolee’s constitutional rights are resolved. Such a weighing must, of course, be done on a case-by-case basis, but it remains the parolee’s obligation to alert the [parole] officer to any potential conflicts existing because of the interrelationship of the two proceedings.”
However, under section 259-i (subd 3, par [f], cl [i]) of the Executive Law, final revocation hearings should be held within 90 days of the probable cause determination unless the alleged violator “requests and receives any postponement of his revocation hearing, or consents to a postponed revocation proceeding initiated by the board, or if an alleged violator, by his actions otherwise precludes the prompt conduct of such proceeding” in which case the time limit may be extended.
As noted above, petitioner-relator sought no adjournment of such hearing but, indeed, sought dismissal of the charges without prejudice. It is also noted under section 259-i (subd 3, par [a], cl [i]) of the Executive Law, the authorities were authorized in taking petitioner-relator into custody for temporary detention pursuant to the parole violation pending the preliminary revocation hearing (which petitioner waived herein) and the final revocation hearing within the 90 days mentioned above.
What petitioner-relator herein asks this court is for it to read Piccarillo (supra) as requiring mandatory adjournment or deferral of any actions taken upon the issue of the parole violation when new criminal charges have been filed in court wherein there may be constitutional issues susceptible to resolution in petitioner’s favor (i.e., in this matter search and seizure). This court disagrees.
While it is certainly clear in Piccarillo (supra) that had petitioner-relator requested an adjournment of the final parole revocation hearing, such should have been granted, it does not follow that where no such adjournment is requested by petitioner that the Board or hearing officer is required to withdraw, dismiss or delay presentment of the evidence. It is true as petitioner-relator states, that should *262 such adjournment have been granted, that petitioner would have remained incarcerated in New York State on the violation pending the determination of the New Jersey charges (cf. Executive Law, § 259-i, subd [3], par [f], cl [i]). However, petitioner-relator would have the procedural vehicle to contest the New Jersey suppression issue and it is not true that petitioner would have to serve at least two years in New York State pursuant to the revocation decision before he could return to New Jersey to obtain such ruling. Comes the time when the State of New Jersey does file a detainer against petitioner-relator herein in the State of New York, petitioner may proceed under the provisions of CPL article 580 (the agreement on detainer) to have such matters resolved. Piccarillo (supra) did give guidance to petitioner in the above manner and had he requested an adjournment of the revocation hearing, such, in the opinion of this court, would have been mandated under Piccarillo inasmuch as the constitutional issue of suppression of evidence was being raised. However, there is nothing in Piccarillo or statutory law which would indicate that petitioner has a right to have such counts, as concerned possession of the gun, dismissed, and/or the Board’s decision vacated without prejudice by merely raising such allegations. When petitioner specifically did not seek an adjournment, this court finds that he knowingly, intelligently and voluntarily waived such rights of adjournment as do exist under Piccarillo and the Board was entirely within its province under the statutory law cited above to proceed with the prompt revocation hearing.
Accordingly, to the extent that petitioner seeks this writ for the failure of the Revocation Board to dismiss such count relating to the possession of weapons and/or to cancel the declaration of delinquency without prejudice, such relief is denied.
The next prong of petitioner-relator’s motion concerns itself with the failure of evidence before the final revocation hearing officer to prove the operability of the firearms in question. It has been held that a criminal conviction for possession of a weapon can only be upheld, inter alia, if there is proof of the weapon’s operability. (Cf. People v Actie, 99 AD2d 815.) Such rationale has also been extended *263 to parole revocation hearings. (Cf. State of New York ex rel. Allah v New York State Bd. of Parole, 101 Misc 2d 482; cf. People ex rel. Pena v New York State Div. of Parole, 83 AD2d 887.) Petitioner-relator was initially charged in count No. 1 with a violation of his conditions of release No. 8, to wit, that he would not “behave in such a manner as to violate the provisions of any law”; however, the hearing officer, after such hearing, held the petitioner to be in violation under count No. 1 of conditions of release No. 9 which stated, inter alia, that petitioner would not “own, possess or purchase any * * * firearm of any type”. This court need not consider petitioner-relator’s due process argument for it finds as a matter of law under the authority of the above-cited cases that there was a failure of proof to show to the operability of the firearms in question at the parole revocation hearing and that such requirement is applicable under conditions of release Nos. 8 and 9.
Accordingly, this court now vacates so much of the decision of the final parole revocation hearing which sustained charge No. 1 and orders same expunged from petitioner’s records.
Petitioner, however, pleaded “guilty with an explanation” of charge No. 2 which had charged petitioner with a violation of rule No. 2 of conditions governing parole, to wit, that he had left New York State without permission or prior approval of his parole officer. Petitioner-relator was identified during the course of the parole revocation hearing by a New Jersey State Police Officer, Russell Fleming, who was the arresting officer of defendant on March 12, 1984. Whatever merit or lack thereof there may be to petitioner-relator’s claim that petitioner’s later admission to his parole officer concerning such arrest may be “fruit of the poisonous tree” of the illegal search and seizure, the identification by Officer Fleming who placed defendant in the State of New Jersey on March 12, 1984, at 1:30 a.m. and the further statements of petitioner’s parole officer, Gary Márchese, in substance that he had not known that petitioner would be out of State are not subject to suppression even if the search were found to have been illegal. (Cf. United States v Crews, 445 US 463; cf. People v Norton, 90 AD2d 557.)
*264 Accordingly, petitioner’s writ is sustained to the extent indicated above wherein this court now vacates the decision of the final parole revocation hearing officer which sustained count No. 1 of the parole violation and remands the instant matter to the Parole Revocation Board for reconsideration of its verdict and sentence in light of the fact that this court now sustains only count No. 2.