OPINION OF THE COURT
Joseph Jiudice, J.
In this writ of habeas corpus proceeding, the petitioner challenges a final parole revocation hearing wherein the hearing officer dismissed 4 of the 5 charges against the petitioner.
The petitioner was found guilty of violating condition No. 9 of his conditions of release in that he possessed a stud gun which was claimed to be capable of causing physical injury.
Petitioner’s parole was revoked with a hold on the petitioner until his maximum expiration date.
Initially, the respondents challenge the petitioner’s right to review the determination by way of writ of habeas corpus and it is their position that petitioner neglected to avail himself of *1078 the appropriate administrative remedies set forth in Executive Law § 259-i (4).
Within the context of the specific facts in this case, the court determines that those cases relied upon by the respondents are inapplicable in this specific case. The cases cited by the respondents stand for the general rule that there will be no judicial review of procedural claims unless the matter has been raised in the administrative process. The petitioner is not raising such a claim in this case.
The court holds, therefore, that habeas corpus is an appropriate remedy for review of the parole revocation proceedings within the framework of the petitioner’s instant claim (People ex rel. Menechino v Warden, 27 NY2d 376 [1971]; People ex rel. Maggio v Casscles, 28 NY2d 415 [1971]).
As to the merits of petitioner’s claim, the hearing officer determined, inter alia, that petitioner possessed a dangerous weapon. The hearing officer, in his disposition, on several occasions categorized the stud gun as a weapon.
Reference to Penal Law article 10 is necessary to determine if this petitioner violated condition No. 9 of his parole. Neither this article, read in conjunction with Penal Law article 265, would indicate that a stud gun is a weapon; therefore, in this court’s opinion, the hearing officer erroneously determined that the petitioner was in possession of a "deadly weapon”.
The record before the court is clear that there was an absolute lack of evidence at the hearing as to the operability of the stud gun. While the court recognizes that a parole revocation proceeding is not a criminal prosecution, at the very minimum, the respondents were required to prove that the stud gun was an operable instrument capable of inflicting harm so as to be classified as a weapon (State of New York ex rel. Allah v New York State Bd. of Parole, 101 Misc 2d 482 [1979]).
Since the stud gun is not "deadly weapon” as defined under the Penal Law, and since there was no evidence of the operability of the stud gun, the hearing officer’s determination in this regard was erroneous.
One of the requirements of condition of release No. 9 was that this petitioner have a satisfactory explanation for the possession of an instrument readily capable of causing physical injury. Since the hearing officer did not determine this issue but rather that the petitioner possessed a "weapon”, the *1079 question of whether a satisfactory explanation existed for its possession is not at issue herein.
Based upon the foregoing, the court grants the relief sought in this petition and directs that the petitioner be forthwith restored to parole supervision.