OPINION OF THE COURT
Jan H. Plumadore, J.
Upon a petition dated May 28, 1987 this court issued the writ without body order on June 29, 1987. Petitioner also filed a memorandum of law. Respondents answered on July 13, 1987 and petitioner replied on July 22. The single issue petitioner urged on the court is whether or not there was as a matter of law sufficient evidence of physical injury before the Administrative Law Judge so as to justify the revocation of his parole for violating rule 8. Rule 8 reads: "I will not behave *652 in such manner as to violate the provisions of any law to which I am subject which provide for a penalty of imprisonment, nor will my behavior threaten the safety or well-being of myself or others.”
Petitioner argues persuasively that there was insufficient proof of physical injury — minor bleeding, slight numbness, examination at hospital as a result of a two-second finger pinch in a handcuff chain — to violate petitioner for having engaged in conduct constituting Penal Law assault (§ 120.00). Indeed, assault charges had been dismissed by the District Attorney and there was no evidence at the final revocation hearing of any physical impairment or pain, let alone substantial pain (see, Penal Law § 10.00 [9]).
Respondents argue unsuccessfully that there was sufficient evidence of physical injury and/or that it is merely a question for the fact finder which is not here reviewable absent a show of irrationality (see, People v McDowell, 28 NY2d 373; Matter of Philip A., 49 NY2d 198). They also argue, however, that even if the proof by a preponderance did not show an assault, did it not at least show disorderly conduct (Penal Law § 240.20 [1], [2]) or harassment (Penal Law § 240.25).
Petitioner in reply hotly disputes the latter contention, arguing that to so hold would completely undermine his statutory and constitutional rights to notice of the charges against him. In this argument he is partially correct: the Parole Board, as in criminal prosecutions, should not be allowed to change the theory of commission of a criminal offense in midstream. There is no reason, however, why the parole officer at the conclusion of his hearing presentation could not have argued that by his conduct petitioner violated these lesser offenses as well, much as prosecutors are authorized to request lesser included offenses be charged to a trial jury (see, CPL 300.50, 1.20 [37]). It is unlikely, though untreated elsewhere as it will remain here, that such a presentation would be subject to the strictures of People v Green (56 NY2d 427) and People v Glover (57 NY2d 61) and their progeny. Rather, it would probably be governed more by CPL 220.20 (lesser included offenses for plea purposes, a more liberal test).
As noted by respondents, a parole revocation hearing is not a criminal trial. "When the basis for parole violation is an *653 alleged criminal act, it is not essential that the Parole Board establish the measure of culpability required for a criminal conviction” (People ex rel. Thompson v Smith, 101 AD2d 690, 691). The Board still must prove the rudiments of the underlying charge however; for example, an unloaded pellet gun that also did not contain the necessary gas cartridge is not a weapon even for parole purposes (State ex rel. Allah v New York State Bd. of Parole, 101 Misc 2d 482), while identity and minimal signature authenticity testimony were sufficient to establish an unlawful attempt to cash stolen checks (People ex rel. Thompson v Smith, supra).
Were the Board limited by the noticed charge to proving the substance of an assault third, the inquiry would end here. As noted above, there is no proof in the record of either physical impairment or substantial pain and the prosecuting parole officer did not request the Administrative Law Judge to consider whether or not by his conduct petitioner had committed a lesser offense.
However, petitioner was charged with violating rule 8 by causing physical injury to a police officer. As also noted above, rule 8 includes not engaging in actions which "threaten the safety or well-being of myself or others.” Petitioner had notice that Parole would seek to prove that by causing physical injury to a police officer on August 31, 1986 he violated rule 8, not that by engaging in conduct which constituted a Penal Law assault he violated same. The Penal Law definition of physical injury is thus irrelevant to our inquiry.
Physical injury may mean different things in different contexts: its meaning in Penal Law assault cases has been dealt with supra; it means quite another in minimum period of imprisonment determinations (Matter of Manning v Hammock, 105 Misc 2d 514), workers’ compensation proceedings (Workers’ Compensation Law § 2 [7]) or when used as the underlying term of art for the no-fault definition of "serious physical injury” (Insurance Law § 5102 [d]). As used herein, however, this court finds that it has its ordinary meaning, that petitioner had adequate notice of the charge against him in this regard and that the proof — that when the officer informed petitioner his finger had become entangled in the handcuff chain as a result of petitioner’s struggling, petitioner told him he "didn’t give a fuck and yanked harder”, resulting *654 in a minor cut with attendant bleeding and numbness — was and is more than adequate to show his behavior did not merely threaten the well-being of another, it affected it adversely.
Accordingly, the writ is hereby
Ordered dismissed.