People v Derby (2019 NY Slip Op 03499)





People v Derby


2019 NY Slip Op 03499


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


337 KA 16-01904

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAMAN DERBY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 9, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in refusing to suppress the evidence seized as the result of a search by parole officers of his person and the pickup truck in which he was sitting. We affirm.
Defendant contends that the search of his person and the pickup truck in which he was seated were not related to the duties of the parole officers who performed the search. We reject that contention. It is well settled that a parolee's "right to be free from unreasonable searches and seizures, guaranteed by [the] Federal and State Constitutions . . . , remains inviolate" (People ex rel. Piccarillo v New York State Bd. of Parole, 48 NY2d 76, 82 [1979]). Nevertheless, "in any evaluation of the reasonableness of a particular search or seizure the fact of defendant's status as a parolee is always relevant and may be critical; what may be unreasonable with respect to an individual who is not on parole may be reasonable with respect to one who is" (People v Huntley, 43 NY2d 175, 181 [1977]).
Here, the evidence at the suppression hearing establishes that two parole officers received email notifications that defendant's ankle bracelet was not properly charged, which was a violation of a condition of defendant's release to parole supervision. The evidence further establishes that, when the parole officers arrived to investigate the issue, defendant remained seated in a pickup truck and refused to acknowledge their presence or answer questions until they removed him from that vehicle. Based on that violation of the conditions of his release and his subsequent suspicious behavior, the parole officers searched defendant and the vehicle. Thus, the evidence from the hearing supports the court's determination that the parole officers who conducted the search were motivated to do so by "legitimate reasons related to defendant's status as a parolee" (People v Johnson, 94 AD3d 1529, 1532 [4th Dept 2012], lv denied 19 NY3d 974 [2012]). Furthermore, the parole officers testified that the owner of the pickup truck gave them permission to search it, and the court credited that testimony. In addition, no members of other law enforcement agencies assisted the parole officers in the search, nor was there any evidence that the parole officers were used as "a conduit' for doing what the police could not do otherwise" (People v Mackie, 77 AD2d 778, 779 [4th Dept 1980]). Consequently, we conclude that the record supports the court's determination that the search was "rationally and reasonably [*2]related to the performance of the parole officer's duty" and was conducted "to detect and to prevent parole violations for the protection of the public from the commission of further crimes" (Huntley, 43 NY2d at 181; see People v Carey, 162 AD3d 1476, 1477 [4th Dept 2018], lv denied 32 NY3d 936 [2018]).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court