Thomas Aloi, J.
Defendant has submitted an application in the nature of a writ of error coram nobis, wherein defendant alleges that the Onondaga County Court, by sentencing him to an indeterminate term, maximum five years, at Attica State Prison, unlawfully interrupted a two-year sentence at the Federal hospital in Lexington, Kentucky, previously imposed upon him by a Federal District Court in Utica, New York.
Defendant was indicted on March 12,, 1970, in Onondaga County, for the crimes of criminal possession of a dangerous drug in the fourth degree, criminally selling a dangerous drug in the third degree, and criminal possession of a dangerous drug in the sixth degree.
On October 13, 1970, the defendant entered a plea of guilty to the first count of the indictment. On January 4, 1971, defendant was sentenced to an indeterminate term of imprisonment, ■with a maximum of five years, at Attica State Prison.
On November 9, 1970, prior to the sentence date in Onondaga County Court, the Federal court sitting in Utica, New York, sentenced the defendant to be confined in any institution designated by the Attorney General for a period of two years, such sentence to commence upon release from State custody.
The defendant cites the case of People v. Rios (37 A D 2d 734) for the proposition that once one has commenced a term of imprisonment such sentence cannot be interrupted by a subsequent conviction and sentence. The case of People v. Rios (supra) is distinguishable from the situation herein. In Rios, the defendant had already been confined as an in-patient by the NACO, whereupon, on a resentence for a probation violation, he was then turned over to the Department of Correction to serve the subsequent sentence. In the present case the defend *205 ant had never commenced service of his Federal sentence, nor do the facts indicate he was awaiting transportation to serve such sentence.
The Federal law on this subject appears in title 18 of the United States Code (Crimes and Criminal Procedure) at section 3568, wherein it is stated: ‘ ‘ The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence * * *
If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.”
The language of the above section is clear and unambiguous wherein it provides that any Federal sentence shall commence to run from the date on which such person is received at the penitentiary, reformatory or jail for service of said Federal sentence. The defendant herein had never been received in any Federal institution to begin service of his sentence; on the contrary the Federal court stated that the commencement of the Federal sentence is to commence upon release from State custody.
The defendant contends lastly that he was awaiting transportation to serve his Federal sentence when the Onondaga County Court sentenced him to five years, thus interrupting his Federal sentence. The Federal law pursuant to section 3568 of title 18 of the United States Code quoted above, indicated that a sentence commences under two sets of facts: (1) when one is actually received at the place wherein the sentence is to commence, or (2) where one is detained in a place awaiting transportation to the place at which his sentence is to be served. The court in United States v. Dye (61 F. Supp. 457) addressed itself to this very problem under section 709a of title 18 of the United States Code, the earlier section to section 3568 of the United States Code, wherein the court stated (p. 458): “ It is well settled under this statute that custody by State authorities or imprisonment in a State institution following the imposition of a sentence in a United States District Court does not constitute ‘ detention to await transportation to a place at which his sentence is to be served, ’ and the Federal sentence does not begin until he is delivered by the State authorities to the Federal authorities. ’ ’
When the defendant herein was taken back to the public safty building in Syracuse, it was for the purpose of awaiting sen *206 tence on the State charge he had pleaded guilty to ■ prior to entering his plea in Federal court. The Federal court clearly indicated that he was not being held awaiting transportation to a Federal institution, by clearly stating that the period of two years on count one of the Federal indictment was to commence upon release from confinement from State custody. (See United States v. Kanton, 362 F. 2d 178, and Gunton v. Squier, 185 F. 2d 470.)
It is this court’s opinion that the County Court of Onondaga County did not violate CPL 430.10 wherein it is stated:
‘ ‘ Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not he changed, suspended, or interrupted once the term or period of the sentence has commenced.”
The defendant’s motion is denied.