Abraham Gellinoff, J.
In a previous motion, this defendant sought an order pursuant to CPL 440.20 setting aside the sentence imposed upon him by this court. He alleged that the continued existence of the sentence, imposed eight and one-half years ago, and the detainer lodged pursuant to that sentence in the Florida facility where he is currently incarcerated, negated this court’s expressed intent that the sentence imposed by it commence immediately upon pronouncement. Although agreeing with defendant’s interpretation of the court’s statements at sentencing, this court was compelled to deny the application because the allegations failed to demonstrate that the sentence was "unauthorized, illegally imposed, *115 or otherwise invalid as a matter of law” which are the grounds required for relief pursuant to CPL 440.20.
On this motion, defendant, relying upon the court’s discretionary power to modify any sentence prior to its commencement (former Code Crim. Pro., § 482, subd 3; CPL 430.10; People v Canna, 35 AD2d 1062) moves to modify the sentence by reducing it to time served.
Defendant was convicted, after trial before this court and a jury, of the crime of criminally concealing and withholding stolen and wrongfully acquired property, as a felony. On October 6, 1966, after extensive presentation by the Assistant District Attorney and defense counsel, the court imposed sentence as follows:
"He has been questioned. I know his whole background. I know where he was born, how he was born, when he was born; I know how many times he was married; I know whom he was married to; I know his present manner of earning a living.
"He was evasive and circumstantial when discussing his involvement in this case with the Probation Bureau.
"It appears to the Court that he really is without insight into the problems affecting his behavior.
"This man, on the basis of all the information, the Court’s analysis of his life history, appears to be anti-social, lacking in ethical or moral concepts, and his ability to maintain himself is open to grave doubt.
"The defendant is sentenced to State Prison for a term of not less than five nor more than ten years”.
Thereupon the Assistant District Attorney requested that the court direct that defendant "doesn’t begin his New York State prison term until the Florida authorities have completed their prosecution.” The court, however, responded:
"Mr. Metzger, just listen: how can I do that? How can I do that?
"The man has been sentenced in this Court. He has got to begin serving his sentence. He has got to begin serving his sentence in this matter.
"This man has rights. I can’t deprive him of his rights. He has a right to begin to earn good time, and to begin to earn credit, as of now. * * * Now, I cannot postpone, or stay, the execution of the sentence that has been imposed, against his will. I can, as a matter of accommodating the authorities of *116 the Federal government, or the State of Florida, direct that he be not physically, actually, transferred to State Prison for a day, or two, or three. But he actually begins serving his sentence today. * * * And if physical custody of him is going to return to the Federal government, then that has to be done. So far as this Court is concerned, his sentence begins to run immediately”.
However, because the Federal authorities took custody of defendant before he physically arrived in State prison, he never commenced service of his sentence under New York law, and a detainer has allegedly been lodged in the Florida prison where defendant is serving a life sentence upon a subsequent conviction.
If the allegations concerning Matera’s continuous incarceration in Florida since the date this court sentenced him are accurate, then equity and justice require that the application be granted; and, since defendant will have served the entire term of the sentence imposed by this court, the court ought then modify the sentence to time served, thereby removing the detainer.
Accordingly, the motion is granted upon condition that defendant supply the court with suitable proof of his continuous and present incarceration from the date of this court’s sentence.
It should be noted, in conclusion, that this motion has been submitted and determined without the benefit of papers or argument from the office of the District Attorney of New York County. That office, based upon its current policy of declining to state a position with respect to sentence motions, has twice failed to accept this court’s express invitation to set forth its position on this motion.
The office of the District Attorney of New York County has for long been recognized by the courts not only as one of the finest prosecutorial offices in the country, but also as one where the pursuit of justice — whether in aid of the prosecution or the defense has been the highest goal (see, for example, People v Lewis, 26 NY2d 547; People v Berrios, 28 NY2d 361; see, especially, the dissenting opinion of Chief Judge Fuld in People v Berrios, supra, pp 369-72). It is to be hoped that that office will review this policy since it results in a failure to pursue justice in matters of sentencing.
Submit order, together with proof of incarceration as above detailed.