■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. WARREN W. CARTER, Appellant, v WALTER J. FLOOD, as Warden of the Nassau County Correctional Center, Respondent.—In a habeas corpus proceeding, petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, entered July 29, 1975, as denied those branches of his petition which were for a declaration that (1) respondent's policy of requiring inmates at the Nassau County Correctional Center to work without compensation is unconstitutional and (2) respondent's policy of depriving inmates placed in "lock-in" cells of certain visitation and correspondence rights is unconstitutional. Appeal dismissed as moot, without costs or disbursements (see CPLR 7002, subd [a]; *People ex rel. Gatti v Amico,* 30 NY2d 955; *People ex rel. Wilson v De Stafano,* 47 AD2d 992). Martuscello, Acting P. J., Christ, Shapiro, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAYMOND W. HOFFMAN, Appellant, v LEON J. VINCENT, AS Superintendent of Green Haven Correctional Facility, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated October 3, 1975, which denied the application and dismissed the proceeding. Judgment affirmed, without costs and disbursements. Petitioner's release on bail pursuant to a stay of a judgment pending appeal therefrom did not constitute an unlawful interruption of his sentence within the purview of CPL 430.10. Hopkins, Acting P. J., Martuscello, Cohalan, Margett and Rabin, JJ., concur.

■ DANIEL SANIGA et al., Respondents, v WHITE METAL ROLLING AND STAMPING CORP., Appellant.—In a negligence and breach of warranty action to recover damages for personal injuries, defendant appeals, as limited by its notice of appeal and brief, from so much of an interlocutory judgment of the Supreme Court, Kings County, entered May 30, 1975, after a jury trial, as is in favor of plaintiffs on the issue of liability. Interlocutory judgment affirmed insofar as appealed from, without costs or disbursements. Plaintiffs, two roofers, were injured on March 12, 1966 when a magnesium extension ladder, which they were using to carry shingles up to a roof, collapsed. Plaintiffs brought an action in negligence and breach of warranty against defendant, the manufacturer of the ladder. After a jury trial as to the issue of liability, the trial court submitted to the jury a series of interrogatories relating to both causes of action. The jury answered, *inter alia,* that defendant was negligent and had breached its implied warranty of fitness for a particular purpose. While in our view there was no evidence in the record to justify submission of the negligence count to the jury, its answers to the interrogatories relating to the warranty cause of action were supported by ample evidence in the record. Latham, Acting P. J., Damiani, Christ, Shapiro and Titone, JJ., concur.