OPINION OF THE COURT
 

 Per Curiam.
 

 The order of the Appellate Division should be reversed, without costs, and the order of Supreme Court, Broome County, reinstated. The question certified is answered in the negative.
 

 Before a Magistrate may properly issue a search warrant, he must first conduct a "full and searching inquiry into the facts on which the warrant application is based.”
 
 (People v Potwora,
 
 48 NY2d 91, 95.) In this case, County Court fulfilled this obligation with respect to the allegedly obscene materials originally presented to it in support of the warrant application and, thus, these materials were properly seized. However, it is inconceivable that the County Court Judge could have examined the literally thousands of other items seized on the premises and not presented to him in the original warrant application with sufficiently close scrutiny given the limited duration of his inquiry. We do not reach the general proposition whether an on-the-spot inspection of allegedly obscene materials by an issuing Magistrate could ever result in a valid seizure; on the facts of this case we are compelled to conclude that the materials inspected at the scene of the search were illegally seized.
 
 (Lo-Ji Sales v New York,
 
 442 US 319.)
 

 This illegally seized evidence was properly suppressed by Special Term. Where, as here, a civil action carries with it the potential for the abridgement of fundamental First Amendment rights (see A
 
 Quantity of Books v Kansas,
 
 378 US 205;
 
 Marcus v Search Warrant,
 
 367 US 717) and embodies, by its very nature, a significant amount of State action (cf.
 
 *310
 

 Matter of Finn’s Liq. Shop v State Liq. Auth.,
 
 24 NY2d 647, cert den 396 US 840;
 
 Incorporated Vil. of Laurel Hollow v Laverne Originals,
 
 17 NY2d 900), the defendant must be afforded an opportunity to test the constitutionality of the procedures used to obtain the evidence against him and is entitled to seek the suppression of any evidence found to have been illegally seized. (Cf.
 
 People ex rel. Piccarillo v New York State Bd. of Parole,
 
 48 NY2d 76, 81.)
 

 Having suppressed the illegally seized evidence, Special Term properly dismissed the complaint insofar as it was based upon that evidence. A CPLR 6330 complaint, seeking to enjoin the dissemination of allegedly obscene materials, can only survive a motion to dismiss upon a showing that there is legally admissible evidence supporting the allegation that such material is obscene. Where no evidence of obscenity may properly be brought before the court, the complaint must be dismissed. Such a dismissal, however, should be without prejudice to the commencement of a new action based upon the same subject matter should evidence of obscenity be lawfully obtained in the future.
 

 One remaining point requires mention. In our opinion, the proper procedure to be followed in a case such as this, where defendant claims that the complaint or a portion thereof is predicated upon illegally seized evidence, would be for the defendant to make a motion to suppress such evidence within the civil proceeding. (Cf. CPLR 3103, subd [c].) However, inasmuch as plaintiff did not object to having the legality of the search tested in a motion to dismiss, it must be said that he acquiesced in the procedures employed in this case.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in
 
 Per Curiam
 
 opinion.
 

 Order reversed, etc.