OPINION OF THE COURT
Robert M. Haft, J.
On August 7, 1973, petitioner was convicted of perjury for falsely testifying during a Grand Jury investigation into the murder of Joey Gallo. He was sentenced to an indeterminate term of 2% to 7 years in State prison. Aloi was immediately incarcerated; shortly thereafter, however, he was granted a certificate of reasonable doubt and bail pending appeal. While out on bail and awaiting determination of that appeal, Aloi was tried and convicted in Federal court of conspiracy to violate Federal securities laws and *830 sentenced to nine years’ imprisonment to run consecutive to his State sentence.
While serving his Federal sentence, petitioner’s State conviction was affirmed by the Appellate Division (People v Aloi, 45 AD2d 819) and leave to appeal to the Court of Appeals was thereafter denied. As a result of his unsuccessful State appeal, petitioner’s bail automatically ceased to be effective and he was again made subject to State imprisonment. The New York authorities notified the Federal prison authorities at Lewisburg, Pennsylvania, of petitioner’s State conviction by means of a “detainer”.
Petitioner has now completed his Federal sentence; he has been returned to State prison to complete that term. By this writ of habeas corpus, he seeks his release upon the ground that his State sentence had commenced before his release on bail and recommenced when the Court of Appeals denied him further leave to appeal. Aloi maintains that his sentence continued to run during the term of his Federal incarceration and, since shorter than that term, has by now expired. Petitioner argues that once commenced a sentence cannot be interrupted.[1] He points out that although his Federal sentence was to be “consecutive” to his State sentence, New York neither sought nor obtained his transfer from Federal prison to complete his State sentence. His State sentence therefore continued, he contends, and is entitled to credit for the time he spent in Federal custody.
Respondents counter that Aloi’s Federal sentence simply continued the lawful interruption of the State sentence occasioned by petitioner’s having been granted bail. Respondents claim that once bail pending appeal has ended, a sentence resumes only upon the surrender of the defendant.[2]
*831 A determination of the novel issue presented depends upon the interaction of CPL 430.10 and 460.50. Was the Federal prison term a lawful interruption of petitioner’s State sentence, thereby tolling the running of that sentence during his Federal imprisonment? What are the requirements to be met by the State after bail pending appeal has ended?
In general, a convicted defendant’s release on bail pursuant to a stay of judgment pending appeal does not constitute an unlawful interruption of his sentence within the purview of CPL 430.10. (People ex rel. Hoffman v Vincent, 51 AD2d 980.) Upon denial of leave to appeal, bail ends, at which time the State has an affirmative burden to assure that a defendant be notified to surrender himself to commence or resume the execution of his sentence. (Matter of Holland v La Vallee, 63 AD2d 989.)
In this case, the State notified the Federal prison where petitioner was incarcerated, by means of a “detainer”, that petitioner should be made available to serve his State sentence as soon as the Federal authorities would release him. This detainer served the same purpose as (and is comparable to) the bench warrant authorized by CPL 460.50 (subd 5), to secure a defendant’s appearance once his conviction is affirmed if he is free on bail. The statute directs that notice be given so that the defendant “surrender himself to the criminal court in order that execution of the judgment be commenced or resumed”. (CPL 460.50; emphasis added.) Here, Federal custody occurred at a time during which petitioner was at liberty and not within the unconditional custody of the State. Having voluntarily interrupted his State sentence when he secured bail pending appeal, his subsequent conviction and resulting Federal sentence continued the lawful interruption of the State sentence of imprisonment.
While misfeasance or nonfeasance by the State in its duty to notify a defendant to surrender has been held to entitle him to credit for the time he remains at liberty and readily *832 amenable to State custody (People v Healy, 76 AD2d 868; Matter of Holland v La Vallee, supra), the authority given the court to issue a Bench warrant “to secure [defendant’s] appearance” (CPL 460.50, subd 5; emphasis added) supports the view that absent misfeasance or nonfeasance, actual surrender is necessary to continue the sentence interrupted by bail. Here, petitioner was not at liberty when bail ended; the State was not derelict in its duty to notify petitioner. Nor was the State at fault in releasing Aloi initially after his sentence commenced. He secured his own release upon bail pending appeal. In People v Cavelli (50 NY2d 919), defendant was committed on two concurrent prison sentences but the lengthier commitment was never delivered to the prison and thus defendant was mistakenly released after serving the shorter term. When this error was realized, he was recommitted but upon his successful writ given credit for the time between his release and his recommitment. No circumstance akin to the Cavelli “error” exists in our case. (Cf. People ex rel. Reynolds v Martin, 3 NY2d 217; People ex rel. Rainone v Murphy, 1 NY2d 367.)
Finally, this court does not agree with petitioner’s argument that the order of the sentences required that the State sentence run first and, since it did not, he should be entitled to credit for the time in Federal custody. Although the Federal sentence was imposed consecutive to Aloi’s State sentence, there was no specific proviso that it was only to commence upon his release from State custody. (Cf. People v Williams, 70 Misc 2d 203.) The Federal sentence here was intended to be in addition to petitioner’s State sentence regardless of the order in which the sentences were served. Moreover, petitioner has suffered no prejudice which might influence this court to intervene in the interests of equity and justice. (See People v Matera, 81 Misc 2d 114.) Since the sentences were to be served consecutively in any event, it could scarcely matter in which order they were served.
Accordingly, petitioner’s State sentence is viable; it did not expire during the time he spent in Federal custody. The petition for a writ of habeas corpus is denied.

. CPL 430.10 — “Sentence of imprisonment not to be changed after commencement. Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.”

. CPL 460.50 (subd 5) — “Where the defendant is at liberty during the pendency of an appeal as a result of an order issued pursuant to this section, the intermediate appellate court, upon affirmance of the judgment, must by appropriate certificate remit the case to the criminal court in which such judgment was entered. The criminal court must, upon at least two days notice to the defendant, his surety and his attorney, promptly direct the defendant to sur *831 render himself to the criminal court in order that execution of the judgment be commenced or resumed, and if necessary the criminal court may issue a bench warrant to secure his appearance.”