■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VINCENT ALOI, Appellant, v EUGENE LEFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Viscardi, J.), entered November 26, 1982 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing. ¶ On August 7, 1973, following his conviction for perjury for falsely testifying during a Grand Jury investigation, petitioner was sentenced to an indeterminate term of two and one-third to seven years in State prison.[*] Petitioner was immediately incarcerated, but on October 3, 1973, judgment was stayed and he was granted bail pending appeal. Subsequently, while on bail, petitioner was sentenced on a Federal conviction to nine years' imprisonment to run consecutively to his State sentence and was incarcerated in a Federal penitentiary. His State appeal was unsuccessful (*People v Aloi,* 45 AD2d 819), and he thereby became subject to State imprisonment. A detainer was lodged against petitioner by State authorities with the Federal prison authorities at Lewisburg, Pennsylvania. On June 11, 1979, petitioner's Federal sentence was "commuted" by the Federal court to time served. ¶ In 1978, and during his Federal incarceration, petitioner succeeded in vacating his State perjury conviction by Federal writ of habeas corpus (*Shargel v Fenton,* 459 F Supp 700). This writ was ultimately vacated by the Second Circuit in June, 1980 (*Shargel v Fenton,* 633 F2d 206, cert den 449 US 1111). Thereafter, petitioner, who had been released on bail from Federal prison in 1979 pending a final Federal decision on his State conviction, surrendered to New York authorities on September 29, 1980 to complete his State sentence. New York denied him any jail time credit for his Federal imprisonment. ¶ In a prior habeas corpus proceeding brought by petitioner in State court, it was held that the Federal prison term was a lawful interruption of his State sentence and, therefore, he was not entitled to jail time credit (*People ex rel. Shargel v Coughlin,* 105 Misc 2d 827, affd 79 AD2d 1117). In the instant habeas corpus proceeding, petitioner also claims that his State court sentence was a "deferred judgment". Special Term denied the application for a writ without a hearing by applying the same analysis used in *People ex rel. Shargel v Coughlin (supra),* and found that there was "no delay in carrying out judgment against [petitioner] herein that would result in a lack of

---

[*] The facts are concisely summarized in *People ex rel. Shargel v Coughlin* (105 Misc 2d 827, affd 79 AD2d 1117).

jurisdiction and thus entitle him to a writ of habeas corpus". This appeal ensued. ¶ The judgment entered at Special Term should be affirmed since petitioner's writ was properly denied. ¶ Petitioner's initial argument set forth in his petition, that his State sentence was a "deferred judgment" in violation of due process because of the delay in the resumption of the State sentence after bail ceased to be effective when his State conviction was affirmed in 1974, is without merit. The circumstances in the instant case are clearly distinguishable from *People ex rel. Harty v Fay* (10 NY2d 374), relied on by petitioner. ¶ Petitioner herein was immediately sentenced for his State conviction and served four months before being released on bail at his own request. In *People ex rel. Harty v Fay (supra)*, the sentence was not imposed until some six years after the conviction. Additionally, petitioner's sentence was lawfully interrupted within the purview of CPL 430.10 (see *People ex rel. Hoffman v Vincent,* 51 AD2d 980). While out on bail, petitioner was convicted and sentenced on an intervening Federal charge. His serving of the Federal sentence prior to continuing his State sentence was not due to any failure by the State in entering or enforcing the State judgment. The Federal incarceration simply continued the lawful interruption of the State sentence. ¶ The State carried out its duty under CPL 460.50 of notifying petitioner of the affirmance of his State conviction, so that he might surrender himself in order to resume his sentence, by serving a detainer on the Federal prison authorities. The fact that petitioner was not free, because of Federal imprisonment, to resume serving his State sentence was not the fault of the State. ¶ Further, the issue of whether the Federal prison term was a lawful interruption of petitioner's State sentence, thereby tolling the running of his State sentence during his Federal imprisonment, has already been resolved against petitioner in his prior State habeas corpus proceeding (*People ex rel. Shargel v Coughlin, supra*). It was therefore not improper for Special Term, in considering this second petition, to deny the relief requested (see CPLR 7003, subd [b]). ¶ Finally, petitioner's claim that the State sentence was unduly harsh and excessive is not properly before this court for review since petitioner did not raise this challenge at Special Term (*People ex rel. Cender v LeFevre*, 92 AD2d 652). Further, habeas corpus is not an available remedy to challenge a sentence when it was not in excess of that which was authorized by statute (*People ex rel. Kern v Silberglitt,* 4 NY2d 59, 61). ¶ Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.

