OPINION OF THE COURT
John G. Connor, J.
This matter comes before the court upon an order to show cause granted October 31, 1984, which order stayed the New York State Tax Commission from further proceeding in connection with the alleged tax deficiencies which are the subject of this matter; and in particular, stayed the formal hearing of the Commission in this matter scheduled for July 23,1984 and later adjourned to November 27, 1984.
Upon this application is sought an order suppressing from use at said hearing all records, books, information and any assessments made therefrom which are the result of a certain allegedly illegal search and seizure upon the business premises of the applicants, conducted by the Tax Commission or by the New York City Fire Department, as respondent’s agent, on October 9, 1979.
Neither a complaint nor a petition under CPLR article 78 is presently before this court. This court, in the absence of some express statutory authority, lacks jurisdiction to issue orders during the pendency of an administrative hearing for relief available to a litigant in a civil trial under the CPLR, such as *96 orders for disclosure or in this court’s opinion, suppression of evidence illegally obtained. (Matter of Infante v Donohue, 42 Misc 2d 727.) This court lacks jurisdiction to grant the relief requested, unless the allegations of affidavits before the court present a cognizable claim which the court may deem a valid petition or complaint.
The Attorney-General, in response to the motion, concedes the general applicability of the exclusionary rule to administrative hearings (Matter of Finn’s Liq. Shop v State Liq. Auth., 24 NY2d 647), however, he charges that the applicants have failed to exhaust their administrative remedies and are thus barred from maintaining an article 78 proceeding. While the failure to exhaust administrative remedies does not bar a challenge to administrative action as either unconstitutional or beyond the agency’s statutory power, it does limit the scope of judicial review to the face of the challenge provision or statute itself. (Matter of Glenwood TV v Ratner, 103 AD2d 322, 327.) Applicants here allege they are entitled to test the constitutionality of the seizure of their records and property by a prehearing proceeding; that the procedures of the State Tax Commission do not provide for such a prehearing determination; and that the failure to provide for such a determination renders the rules of the Commission governing applicants’ hearing unconstitutional on their face.
Tax Law § 1140 provides that the exclusive remedy for review of any assessed sales tax liability shall be that provided under Tax Law § 1138 or 1139. The former provision governs hearings for redetermination of tax liability before the State Tax Commission and is here applicable. The State Tax Commission Rules of Practice and Procedure (20 NYCRR part 601) provide the mechanics for obtaining such redetermination, which may ultimately culminate in a formal hearing under rule No. 601.9. The determination upon such a hearing is reviewable by way of an article 78 proceeding (Tax Law § 138 [a] [4]) for “error, illegality or unconstitutionality or any other reason whatsoever”. The hearing under rule 601.9 (c) shall be conducted by an impartial hearing officer, who is empowered to recommend a proposed decision containing findings of fact and conclusions of law based upon the record adduced at the hearing. (20 NYCRR 601.9 [d].) In the course of the hearing: “Technical rules of evidence will be disregarded to the extent permitted by the decisions of the courts of this State, provided the evidence offered appears to be relevant and material to the issues. However, effect shall be given to the rules of privilege recognized by law. Objections to *97 evidentiary offers may be made and shall be noted in the record.” (20 NYCRR 601.9 [d].)
Prior to a formal hearing, rule 601.10 authorizes the parties to engage in motion practice for any order appropriate under the Tax Law and the CPLR; however, no motions relating to discovery procedures are allowed, unless a prehearing conference is not held or unless good cause is shown (20 NYCRR 601.10 [a]). The appropriate sections of the CPLR regarding motions, where not in conflict with the rules, are expressly made applicable to the motion now before the court. (20 NYCRR 601.10 [a] [6].) An tarder on any motion which does not finally determine all matters and issues contained in the petition is not deemed final for purposes of article 78 review until the Commissioner’s order determining the remaining issues. (20 NYCRR 601.10 [a] [5].)
It appears that the statutory and regulatory framework set forth above provides on its face ample opportunity for a petitioning taxpayer to present and preserve claims of 4th Amendment violations on the part of the tax authorities; in the course of the proceedings upon his petition, either by way of objection at the formal hearing to the introduction of the evidence alleged to be tainted, or through a prehearing motion seeking suppression. Since the provisions of the CPLR are expressly made applicable to motion practice before the Commissioner, it would appear that both a motion to suppress evidence improperly obtained (cf. CPLR 3103 [c]) and, if necessary, a factual hearing upon the basis for the motion (cf CPLR 2218) may be authorized. This is not to say that the State Tax Commission must embark upon a series of suppression hearings akin to those which have been spawned in criminal procedures, whenever a taxpayer alleges a constitutional violation. It is merely to discern that the Commissioner’s regulations, as adopted, do not preclude such a hearing in a proper case. That being the case, the allegations of the application before the court do not warrant consideration as a petition for relief from an unconstitutional or invalid regulatory scheme.
The court is aware of references, in footnotes to decisions and dicta of the court decisions, to the effect that a hearing officer, as a mere administrative official, is without jurisdiction to pass upon the constitutional issues involved in determining a claimed 4th Amendment violation. (Matter of Finn’s Liq. Shop v State Liq. Auth., 24 NY2d 647, 657, n 2, supra; People ex rel. Piccarillo v New York State Bd. of Parole, 48 NY2d 76, 79, n 2; Matter of Tejada v Christian, 71 AD2d 527, 529.) Even if so, the court doubts that the State Tax Commission, upon review of the *98 findings of its hearing officer, is so limited. In any case, given that the exclusionary rule has been held to apply to administrative proceedings, it must be inferred that the tribunal before which the proceeding is pending must possess authority to apply the rule in the first instance, based upon the law and the facts 'before it. In the court’s opinion, the proper procedure to be followed in a case such as this, where a taxpayer claims that the challenged tax assessment is predicated upon illegally seized evidence, is for the taxpayer to make a motion to suppress such evidence within the administrative proceeding, before the agency conducting the proceeding. (See, Monserrate v Upper Ct. St. Book Store, 49 NY2d 306, 310.)
Application for order suppressing evidence is denied and the stay is vacated.