■ In the Matter of MELINDA I. et al., Children Alleged to be Abused. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VIOLET I., Appellant. — Mikoll, J.

Respondent is the mother of three children: Melinda, Hiram and Karen. Petitioner received information in April 1984 that resulted in an inquiry into allegations of the sexual abuse of Melinda by one Douglas Rickett, who lived with respondent at the time. On April 24, 1984, after some preliminary investigation, a child protection caseworker employed by petitioner went

to the trailer occupied by respondent in the company of two State troopers. Respondent said that the troopers asked that she accompany them back to the State Police substation, together with Rickett and Melinda, to answer questions. Respondent testified that she "didn't want to go to the police station" but did so because she "didn't want to get in trouble". Melinda, the caseworker and respondent rode to the station with one trooper, while Rickett and the other trooper drove their own automobiles to the substation.

Respondent gave two statements to the troopers. One related that Melinda had told her that Rickett had molested her. The other related that Melinda had told her that her father had also molested her in the past.

Respondent subsequently was charged with a misdemeanor which was apparently later dismissed. Petitioner utilized the statements to also charge respondent with abuse and neglect of her children in the instant Family Court proceeding. After a hearing in Family Court on respondent's motion to suppress the statements, Family Court denied the motion and the matter proceeded to trial. On August 2, 1984, the trial was adjourned, *sine die,* pending the outcome of this appeal by respondent.

Initially, although we find no case directly on point, we conclude that evidence alleged to have been acquired illegally in violation of a person's constitutional rights may properly be the subject of a suppression motion in a civil child abuse or neglect proceeding in Family Court (*see, Monserrate v Upper Ct. St. Book Store,* 49 NY2d 306, 309-310; *see also, People v Smith,* 62 NY2d 306, 309, 311-312).

Turning to the merits, respondent contends that she was seized from her home in violation of her constitutional rights and that her statements to the State Police should, as a result of the alleged unconstitutional seizure, be suppressed. We disagree. A review of the facts indicates that respondent was not in custody and did not believe that she was in custody at the time she made the statements. The questioning by the police was investigatory rather than custodial in nature and was a proper discharge by the police of their obligation to investigate allegations of sexual abuse of respondent's daughter (*see, People v Winchell,* 98 AD2d 838, 839, *affd* 64 NY2d 826; *see also, People v Mertens,* 97 AD2d 595; *People v Yanus,* 92 AD2d 674, 675). Accordingly, Family Court's order denying suppression should be affirmed.

Order affirmed, without costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.