■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LARRY COLDWELL, Respondent, v NEW YORK STATE DIVISION OF PAROLE et al., Appellants.—In a habeas corpus proceeding, the New York State Division of Parole and the Superintendent of the Queensboro Correctional Facility appeal from so much of a judgment of the Supreme Court, Queens County (Rotker, J.), dated December 10, 1985, as directed the State Division of Parole to hold a hearing separate and apart from, and prior to, the final parole revocation hearing to determine the admissibility of evidence to be received at the final parole revocation hearing.

Judgment reversed, insofar as appealed from, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The petitioner was released to parole supervision on May 24, 1982. On October 18, 1985, a parole violation warrant was executed against the petitioner, and he was served with written notice of the charges. A preliminary hearing was held on October 25, 1985, at which the petitioner sought suppression of certain physical evidence on the ground that the evidence was obtained by means of an unlawful search. The Hearing Officer would not entertain the motion on the ground that a parole revocation hearing was not the proper forum for such a motion, and that only a court had the authority to determine to suppression motion. The preliminary hearing was concluded, and probable cause to believe that the petitioner had violated the conditions of his parole was found.

On or about November 7, 1985, the petitioner commenced the instant habeas corpus proceeding, seeking to be released from custody on the ground that the evidence presented at the preliminary hearing was the product of an unreasonable and illegal search. The Supreme Court, Queens County, dismissed the petition and the writ, but ordered the State Division of Parole to hold a hearing prior to the final revocation hearing

to determine the admissibility of the evidence to be received at the final hearing. At no time were any criminal charges filed in connection with the events surrounding the parole revocation charges.

It is well established that the exclusionary rule applies to administrative proceedings, including parole revocation proceedings (see, People ex rel. Matthews v New York State Div. of Parole, 58 NY2d 196; People ex rel. Piccarillo v New York State Bd. of Parole, 48 NY2d 76; People v Huntley, 43 NY2d 175; Matter of Finn's Liq. Shop v State Liq. Auth., 24 NY2d 647). However, the Supreme Court, Queens County, erred in directing the State Division of Parole to hold a hearing to determine the admissibility of the evidence to be received at the final hearing, rather than holding such a hearing itself. In People ex rel. Robertson v New York State Div. of Parole (67 NY2d 197, 198), the Court of Appeals held that "[i]ssues of fact in a habeas corpus proceeding on which depend the legality of the continued detention of an alleged parole violator are to be tried by the court issuing the writ, not by the Parole Board." The court further stated:

"That the evidentiary hearing concerning legality of detention is to be before the habeas court rather than the detaining agency is likewise pellucidly clear * * *

"The delegation to the Parole Board of the fact-finding function on which turns release on habeas corpus or dismissal and further detention was, thus, improper for at least three reasons. First, it was contrary to the statutory directions that '[t]he court * * * hear the evidence' and 'proceed in a summary manner' (CPLR 7009 [c] [emphasis supplied]). Second, it injects a procedure neither contemplated by the statute, which calls for either judgment or discharge (CPLR 7010 [a]) or remand of the person detained (CPLR 7010 [c]), nor recognized by prior precedent. Third, and most importantly, it changes the process from one in which the factual determination is made by a Trial Judge, reviewable as to the weight of the evidence by. the Appellate Division and, when that body disagrees with the trial court, by this court as well, to one in which the only questions to be decided by any of the courts are whether there was substantial evidence before the Parole Board to support its determination and whether required procedural rules were followed (Executive Law § 259-i [5]; People ex rel. Von Fossen v Dillon, 72 AD2d 166)." (People ex rel. Robertson v New York State Div. of Parole, supra, at pp 201-203.)

Here, as in People ex rel. Robertson v New York State Div.

of Parole (supra), the court's delegation of the fact-finding function to the State Division of Parole, which could result in the petitioner's release on a writ of habeas corpus or continued detention, was improper. Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.