■ In the Matter of FREDERICK C. SCHOENWANDT, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [658 NYS2d 396] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, New York State Division of Parole, dated January 13, 1995, which, after a hearing, revoked the petitioner's parole.

Adjudged that the determination is confirmed, and the proceeding is dismissed, on the merits, with costs.

The petitioner was arrested in August 1994 and charged, *inter alia,* with criminal possession of a weapon in the third degree based on a gun found in his van. Based primarily on that arrest, the petitioner was charged with a violation of probation, and a final parole revocation hearing was held in November 1994. The Administrative Law Judge (hereinafter ALJ) rejected the petitioner's claim that the search of his van was unlawful, sustained the charges, and recommended that his parole be revoked and that the petitioner be sentenced to a

term of imprisonment. The criminal charges against the petitioner were dismissed by the Supreme Court, Suffolk County, in October 1995, in the interest of justice, over the petitioner's objection that the court should first rule on whether the gun should be suppressed.

The petitioner contends that the ALJ's denial of his request for an adjournment of the parole revocation hearing on November 9, 1994, violated his due process rights, in essence, because the result was that his parole was revoked without a determination by a court of his claim that the evidence, i.e., the gun, was illegally seized.

The record reveals that in October 1994, prior to the date set for commencement of the final parole revocation hearing, the petitioner brought a writ of habeas corpus in the Supreme Court to obtain a ruling on the legality of the search of his van, as the charges against him had not yet been presented to a Grand Jury. In such circumstances, the Supreme Court should decide the suppression issue, rather than referring the issue to the parole board (see, People ex rel. Coldwell v New York State Div. of Parole, 123 AD2d 458; see also, People ex rel. Robertson v New York State Div. of Parole, 67 NY2d 197). However, the Supreme Court dismissed the writ on the ground that it was premature, and the petitioner did not appeal from that order.

On the first day of the parole revocation hearing on November 1, 1994, the ALJ suggested that the petitioner request an adjournment of the hearing until resolution of the criminal proceedings. It is clear from the record that the parties and the ALJ were cognizant of the rule that evidence determined by a court to be illegally seized cannot be considered in a parole revocation hearing, and the ALJ suggested that it would be in the petitioner's interest to have the parole revocation hearing adjourned pending the outcome of the criminal case (see, People ex rel. Piccarillo v New York State Bd. of Parole, 48 NY2d 76). The petitioner at that time chose to go forward with the parole revocation hearing, and one of the respondent's witnesses testified.

However, on November 9, 1994, the next hearing date, the petitioner requested an adjournment of the hearing because the Grand Jury presentation was scheduled for that week and, if a true bill was voted, the suppression issue could be resolved in the criminal proceeding. The ALJ denied the adjournment as untimely pursuant to 9 NYCRR 8005.17 (c). The ALJ suggested that in the event that the Supreme Court suppressed the evidence in the criminal proceeding the petitioner's rem-

edy might be to commence another proceeding for a writ of habeas corpus in order to have that evidence suppressed in the parole revocation proceeding *(see, People ex rel. Piccarillo v New York State Bd. of Parole, supra).*

We conclude that, under these circumstances, the ALJ did not err in denying the petitioner's request for an adjournment *(see generally, People ex rel. Matthews v New York State Div. of Parole,* 58 NY2d 196). The petitioner failed to establish good cause for his failure to give the advance notice required by 9 NYCRR 8005.17 (c), and the ALJ indicated that the record would be kept open for a period of time in the event a suppression decision was issued by the Supreme Court. Given the Supreme Court's decision to dismiss the writ of habeas corpus, the petitioner's failure to appeal the order dismissing the writ, and his decision on November 1, 1994, to proceed with the parole revocation hearing, the ALJ was not remiss in denying his subsequent request for an adjournment.

Finally, the record supports the determination that the petitioner violated the conditions of his parole. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.