■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT VICTORY, Appellant, v BRION D. TRAVIS, as Chairman of New

York State Division of Parole, et al., Respondents. [734 NYS2d 749] —Judgment unanimously affirmed without costs. Memorandum: Following a preliminary parole revocation hearing, petitioner commenced this habeas corpus proceeding seeking his release from custody on the ground that the probable cause determination rests upon evidence illegally obtained by the police. Supreme Court determined that, even if petitioner's allegations of fact are true, they do not establish that the evidence underlying the probable cause determination was illegally obtained, and thus the court dismissed the petition.

We note at the outset that, contrary to the contention of Brion D. Travis, Chairman, New York State Division of Parole (respondent), the exclusionary rule applies to all stages of the parole revocation process, including a preliminary parole revocation hearing. Nothing in *People ex rel. Piccarillo v New York State Bd. of Parole* (48 NY2d 76) suggests otherwise.

Nevertheless, we conclude that the petition was properly dismissed. Pursuant to Executive Law § 259-i (5), any action by a Hearing Officer is a judicial function that is not reviewable if done in accordance with law. A Hearing Officer has no authority to rule on suppression issues (*see, Matter of Finn's Liq. Shop v State Liq. Auth.*, 24 NY2d 647, 657, n 2, *cert denied* 396 US 840; *Matter of Tejada v Christian*, 71 AD2d 527, 529). Thus, in the absence of a prior judicial determination that evidence Presented at a preliminary parole revocation hearing has been illegally obtained, a Hearing Officer may consider that evidence on the issue of probable cause. A subsequent judicial determination suppressing that evidence does not undermine the validity of the probable cause determination. Just as in Grand Jury proceedings, where "until nullified the evidence is competent and may supply a necessary element in a prima facie case" (*People v Oakley*, 28 NY2d 309, 312; *see, People v Gordon*, 88 NY2d 92, 96), evidence that has not been suppressed may supply the basis for a probable cause determination at a preliminary parole revocation hearing. Thus, a parolee may not bring a habeas corpus proceeding seeking to litigate the legality of the evidence received at a preliminary parole revocation hearing after that hearing has been completed. Such a parolee, however, cannot be denied the opportunity to litigate in court the prospective use of that evidence against him at a final parole revocation hearing (*see, Monserrate v Upper Ct. St. Book Store*, 49 NY2d 306, 309-310; *see also, People ex rel. Gonzalez v Warden*, 176 AD2d 438, *affd* 79 NY2d 892; *Matter of Schoenwandt v New York State Div. of Parole*, 240 AD2d 415, 416, *lv denied* 91 NY2d 808; *People ex rel. Coldwell v New York State Div. of Parole*, 123 AD2d 458).

Petitioner is incarcerated awaiting a final parole revocation hearing and, under the circumstances of this case, is entitled to a determination whether evidence underlying the probable cause determination should be suppressed. We conclude that the court properly determined that the evidence was not illegally obtained. Thus, that evidence may be used at petitioner's final parole revocation hearing.

The contention of petitioner that his continued detention is illegal because he was targeted for selective prosecution in violation of his constitutional rights is made for the first time on appeal and thus is not properly before us (*see, People ex rel. Pangburn v Hodges*, 281 AD2d 973, 974, *lv denied* 96 NY2d 713; *People ex rel. Aloi v LeFevre*, 100 AD2d 662, 663). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Habeas Corpus.) Present—Pigott, Jr., P. J., Wisner, Scudder, Burns and Gorski, JJ.