OPINION OF THE COURT
Jasen, J.
On this appeal, we are asked to decide whether the denial of petitioner’s request that his final parole revocation hearing be adjourned until such time as the criminal charges pending against him were disposed of was an abuse of discretion or deprived petitioner of his right to due process.
On July 18,1980, petitioner was released on parole after serving approximately 6 years of a 6½- to 13-year sentence for robbery in the second degree. Petitioner was arrested in Kingston, New York, on September 8, 1980 and charged *199 with second degree assault, resisting arrest and unlawful possession of marihuana. The same day, a parole violation warrant was issued against him, charging him with violating his parole on the basis of the criminal charges brought against him and because he did not have written permission to leave New Jersey, the State which was supervising his parole.
Probable cause that petitioner had violated the terms of his parole was found to exist at a preliminary hearing held on September 23,1980. The final parole revocation hearing began on December 16, 1980. In the interim, the Ulster County Grand Jury had referred the criminal charges to Kingston City Court for prosecution as misdemeanors.
At the final parole revocation hearing, petitioner’s counsel requested an adjournment until such time as the criminal charges against his client were tried. In support of this request, he cited People ex rel. Dowdy v Smith (48 NY2d 477), arguing that if the defendant was acquitted of the charges in City Court, the Parole Board would be collaterally estopped from pursuing a parole revocation proceeding on the basis of those charges. The hearing officer, indicating that he read People ex rel. Dowdy v Smith (supra) to be limited to those cases where the defense intended to raise an affirmative defense at trial, inquired as to whether counsel so intended in this case. In response, counsel indicated that he did not know whether an affirmative defense would be raised because discovery motions were still pending in City Court, but that he believed that even if defendant offered no defense but merely put the People to their burden of proof and was acquitted, under People ex rel. Dowdy v Smith (supra) the Parole Board would be collaterally estopped from proceeding with the parole revocation hearing. Thus, petitioner’s counsel argued that an adjournment should be granted on the general proposition that it would be improper to proceed until the results of the criminal trial were known. The hearing officer denied the request, finding that defendant failed to show that he intended to raise an affirmative defense at trial, which the officer concluded was a prerequisite to People ex rel. Dowdy v Smith (supra) being applicable and because defendant *200 failed to raise any other point that might require an adjournment.
During the hearing, testimony was taken from the complaining witness regarding the events leading up to the assault. She identified the petitioner as the person who had beaten her. Petitioner’s defense consisted of attacking the witness’ credibility and of petitioner testifying that he had not attacked her, but rather had run into the parking lot where the assault had occurred to hide from several other youths who had attempted to attack him. At no point during the hearing did petitioner raise any affirmative defense, challenge the admissibility of any evidence or raise any other constitutional claim.
The hearing officer dismissed the charges of possession of marihuana and being away from New Jersey without written permission, but found that petitioner had violated his parole by assaulting a woman and by resisting arrest. The charges against the defendant were subsequently dismissed on the District Attorney’s motion because “the extent of time he would be required to serve in State prison [made] prosecution of the misdemeanor charge [szc] no longer in the community interest.”
Petitioner then commenced this proceeding by filing a writ of habeas corpus. After a hearing, Supreme Court dismissed the petition, finding that the failure to grant the adjournment did not result in a deprivation of petitioner’s right to due process.
The Appellate Division affirmed, holding that petitioner was not denied due process since he could have raised any defense or could have sought to suppress either physical evidence or the witness’ identification at the hearing but did not do so. Furthermore, the Appellate Division found that there was no infringement of his Fifth Amendment protection against self incrimination because the decision as to whether or not one would testify is made separately in and for each proceeding. That court also specifically noted that People ex rel. Dowdy v Smith (48 NY2d 477, supra) was limited to situations in which the defendant would raise an affirmative defense at trial. Since this petitioner had not indicated to the hearing officer that he intended to *201 raise an affirmative defense, the officer properly exercised his discretion in not granting the adjournment on that ground.
We agree with the Appellate Division that on the facts of this case petitioner failed to raise adequate claims to require an adjournment of his parole revocation hearing until such time as the criminal charges against him were decided. This is not to say that we would so conclude in all cases where an adjournment was sought. Indeed, this court has long recognized the necessity of conducting parole revocation hearings in such a manner that the parolee’s due process rights are afforded the utmost protection. (Matter of Beattie v New York State Bd. of Parole, 39 NY2d 445; People ex rel. Piccarillo v New York State Bd. of Parole, 48 NY2d 76.) The basic decision, however, as to whether or not to grant an adjournment remains a matter for the. hearing officer’s discretion. (Cf. 9 NYCRR 8005.17 [c] [1].)
Thus, this court must decide whether or not this officer abused his discretion as a matter of law or exercised it in a manner which infringed on petitioner’s due process rights. We conclude that he did not.
Petitioner raised only one argument to the hearing officer: that the adjournment was required as a matter of law because if the result of the criminal trial was a dismissal of the charges or an acquittal, the Parole Board would be estopped from pursuing the parole revocation hearing. In making this argument to the hearing officer, petitioner’s counsel indicated that he felt this would be the result required under this court’s holding in People ex rel. Dowdy v Smith (supra) whether defendant presented a defense or merely stood mute.
This argument misconstrues our holding in People ex rel. Dowdy v Smith (supra) and impermissibly expands its scope. In People ex rel. Dowdy v Smith (supra), we held that the Parole Board would be collaterally estopped from revoking a defendant’s parole on the basis of criminal charges to which he had raised a successful affirmative defense. After noting that both sides appeared to agree that it was the affirmative defense of entrapment which resulted in defendant’s acquittal in that case, the court held that the doctrine of collateral estoppel would be appli *202 cable in the subsequently held parole revocation hearing despite the fact that one proceeding was punitive in nature and the other remedial if the necessary elements to apply the doctrine of collateral estoppel existed. Stating that there was no difficulty in concluding that the same parties were involved in the two proceedings, we examined whether the issue involved before the Parole Board would be the same as that previously litigated at the trial on the criminal charges. In that case, the charge was that the petitioner had violated his parole by possessing narcotics. Whether or not the defendant had possessed narcotics was also a material element of the criminal charges brought against him. In defense, he had asserted the affirmative defense of entrapment (Penal Law, § 40.05): that his possession of the narcotics was induced by law enforcement officials. It is important to again note that both sides agreed it was this affirmative defense which resulted in the acquittal. Thus, we concluded that collateral estoppel was appropriate because by succeeding in obtaining an acquittal, the defendant had established by a fair preponderance of the evidence that he was in possession of narcotics only due to the officer’s conduct and that the People’s failure to disprove that affirmative defense meant that they were bound by the criminal court’s acceptance of the affirmative defense. Finally, we noted that we were not deciding whether collateral estoppel would be applicable in all cases because in People ex rel. Dowdy v Smith (supra), “the comparison of the burdens of proof [was] in the relator’s favor.” (People ex rel. Dowdy v Smith, supra, at p 484.)
Our holding in that case depends on an analysis of the burdens of proof applicable in the different types of proceedings. The burden at the parole revocation hearing is on the People to show a violation of the conditions of parole by a preponderance of the evidence (9 NYCRR 8005.19 [e]), while at trial the People must meet the higher burden of proving the crimes charged beyond a reasonable doubt. If, however, the defendant raises an affirmative defense, the burden is on the defendant either at trial or at the hearing to establish that affirmative defense by a preponderance of the evidence. Thus, if he is successful at trial, he necessarily has met the burden of proof he would have been put to *203 at the hearing. The inverse, of course, is not true because an acquittal on any basis which does not involve the defendant bearing part of the burden of proof merely stands for the proposition that the People have failed to meet the higher standard of proof required at the criminal proceeding. The People’s burden of proof being less at the parole revocation hearing, they would be entitled to an opportunity to meet that burden except in cases like People ex rel. Dowdy v Smith (supra) where the defendant had already precluded the issue by having it resolved at trial on the basis of a clear preponderance of the evidence.
People ex rel. Dowdy v Smith (48 NY2d 477, supra), therefore, would be limited in application for the purposes of deciding whether or not an adjournment was required in those situations where success by the defendant at trial would require him to establish by a preponderance of the evidence an issue which was the basis of the charge or charges before the Parole Board. Clearly, this applies to an affirmative defense as the defendant is required by statute to establish an affirmative defense by a preponderance of the evidence. (Penal Law, § 25.00, subd 2.)
This same principle has led us to conclude that other situations in which the defendant is affirmatively raising an issue may require an adjournment of the parole revocation hearings until the issue is resolved. Thus, in People ex rel. Piccarillo v New York State Bd. of Parole (48 NY2d 76, supra), we noted that when the parolee seeks to suppress evidence at a parole revocation hearing which is already the basis of a motion before Special Term, an adjournment until such time as that issue was decided would be proper. Of course, if the People felt they could proceed without using the evidence that was the subject of the suppression motion, the revocation proceeding could continue. In so holding, we extended the exclusionary rule to parole revocation hearings because we reasoned that the deterrent effect of the rule would be compromised if illegally obtained evidence could be used at an administrative hearing. (People ex rel. Piccarillo v New York State Bd. of Parole, 48 NY2d 76, 81, supra.)
The underlying rationale is, of course, to insure that the parolee’s constitutional rights are protected. Primary *204 among these rights is the right to due process in the course of the parole revocation hearing. Because the revocation of parole has the effect of depriving a person of his liberty, albeit a restricted form of liberty, he has a substantial enough interest to justify some form of due process although not the full panoply of rights due a defendant in a criminal proceeding. (Morrissey v Brewer, 408 US 471,480-484.) Affording a parolee some form of due process prior to revoking his parole protects not only his interest in the liberty he enjoys by virtue of his parole, but also society’s interest in “restoring him to [a] normal and useful life within the law.” (Morrissey v Brewer, supra, at p 484.) The Supreme Court, in Morrissey v Brewer, recognized certain procedural devices such as a revocation hearing to assure the parolee the required due process.
So, too, our Legislature has devised a statutory scheme (Executive Law, § 259-i) which assures that the parolee’s due process rights are protected. This requires that he be given notice of the charges and the opportunity to defend against those charges at a prompt hearing before an impartial hearing officer. Similarly, we have held that a parolee is entitled to be represented by counsel at his hearing. (Matter of Beattie v New York State Bd. of Parole, 39 NY2d 445, 447, supra.)
Turning then to the case before us, we must decide whether the due process rights to which the petitioner was clearly entitled were violated by the denial of an adjournment of the parole revocation hearing. While it is not inconceivable that due process would require a hearing officer to grant an adjournment, we cannot conclude on the record before us that an adjournment was required in this case. It is the petitioner’s obligation to raise issues meriting the adjournment to the hearing officer. In this case, petitioner did no more than argue that People ex rel. Dowdy v Smith (supra) would require dismissal of the proceeding if his criminal trial resulted in an acquittal or dismissal. If petitioner felt any other of his constitutionally protected rights were being jeopardized by the parole revocation hearing being held prior to the criminal trial, it was his obligation to raise these claims to the hearing officer. Not only did petitioner fail to do so, but at no point in the *205 hearing did he raise any claim which would indicate that any of his constitutionally protected rights were being jeopardized by the manner in which the hearing was being conducted.
In deciding whether or not to grant an adjournment, a hearing officer must weigh the necessity of a speedy revocation hearing against the need to defer to the criminal courts until such time as issues involving the parolee’s constitutional rights are resolved. Such a weighing must, of course, be done on a case-by-case basis, but it remains the parolee’s obligation to alert the hearing officer to any potential conflicts existing because of the interrelationship of the two proceedings. In this case, petitioner failed to do so.
Petitioner also challenges the legality of the Parole Board’s order that he be held for three years before being given another parole hearing. He argues that no order of reincarceration can be for a period greater than two years. (People ex rel. Donohoe v Montanye, 35 NY2d 221, 226.) No such limitation is imposed on the Parole Board by section 259-i of the Executive Law. (See subd 3, par [f], cl [x].)
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order affirmed, without costs.