**Larry PATTERSON, Plaintiff–Appellant,**

v.

**Brion D. TRAVIS, Chairman of Division of Parole, Martin Cirincione, Executive Director of Parole, Vernon C. Manley, Commissioner, Division of Parole, Jay Powers, Area Supervisor, Jill Robinson, Parole Officer, Ray Clookey, Field Parole Officer, Deborah Gully, Parole Revocation Specialist, Ted Jackson, Administrative Law**

Judge, Gloria Burnstein, Administrative Law Judge, Louis Meringolo, Administrative Law Judge, Defendants–Appellees.

Daniel Gottlieb, Senior Parole Officer, Division of Parole, A. Reid, Parole Revocation Specialist, Dana Smith, Superintendent of Ogdensburg Correctional Facility, Defendants.

No. 07–1765–pr.

United States Court of Appeals, Second Circuit.

July 2, 2009.

Traci L. Lovitt (Michael J. Fluhr, on the brief), Jones Day, New York, N.Y., for the Plaintiff–Appellant.

Patrick J. Walsh, Assistant Solicitor General (Richard Dearing, Assistant Solicitor General; Barbara D. Underwood, Solicitor General, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, New York, N.Y., for the Defendants–Appellees.

PRESENT: Hon. ROGER J. MINER, Hon. DEBRA A. LIVINGSTON, Circuit Judges and Hon. DAVID G. TRAGER,* District Judge.

## SUMMARY ORDER

Plaintiff–Appellant Larry Patterson appeals from a judgment dismissing his damages claim under 42 U.S.C. § 1983 against various New York State parole officials, Defendants–Appellees in this appeal, alleging that they violated his right to due process of law under the federal Constitution. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Patterson was convicted by a jury of criminal possession of stolen property in the third degree on May 21, 1997, sentenced to a term of imprisonment, and released on parole on June 21, 1999. In August 2001, police conducting surveillance outside a Radio Shack in Whitestone,

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

Queens, spotted a man matching the description of the perpetrator of a series of armed robberies in the area. The police observed the man enter a car that was driven by Patterson. Because Patterson thereafter violated the speed limit and had a broken brake light, the officers turned on their police lights and motioned for Patterson to pull over. He started to do so, but then attempted to flee from police in his vehicle, resulting in a car chase. When the vehicle was finally intercepted, Patterson tried to flee again, this time on foot, but was promptly apprehended.

The Division of Parole instituted proceedings to revoke Patterson's parole, and Patterson was also charged criminally in connection with this incident. Patterson sought to defend against most of the charges on the ground that he was acting under duress because one of the passengers he was driving (the suspected robber) pointed a gun at him and told him to keep driving when the police tried to pull them over. On January 16, 2002, Patterson appeared before an administrative law judge ("ALJ") for his parole revocation hearing and requested an adjournment so that his parole revocation would be decided after his criminal trial. The hearing transcript indicates that the ALJ was amenable to granting an adjournment but ultimately decided not to, after one of the defendants in this case objected, pointing to the fact that Patterson had already received five or six adjournments and that the officers had been required to appear three times on the matter. After receiving testimony, the ALJ found Patterson guilty of violating parole conditions, a finding that was subsequently confirmed by Parole Board Commissioner Vernon C. Manley, who revoked Patterson's parole on February 1, 2002.

Patterson's criminal trial on various charges commenced on February 28, 2002. The jury acquitted him of several charges,

possibly accepting his claim of duress. Patterson thereafter sought to have his parole reinstated, on the theory that the jury's verdict in his favor precluded the Division of Parole from rejecting his claim of duress. His petitions were unsuccessful, however, and he commenced this § 1983 action claiming that the defendants infringed his Due Process Clause rights when they refused to adjourn his parole revocation proceeding until after the criminal trial. The gravamen of Patterson's claim is that an adjournment was required under New York state law and that if it had been granted, the Parole Board would not have revoked his parole. *See generally People ex rel. Matthews v. Division of Parole*, 58 N.Y.2d 196, 460 N.Y.S.2d 746, 447 N.E.2d 689 (1983).

We affirm the district court's judgment of dismissal, although on different reasoning. The district court accepted Patterson's assertion that under New York law Patterson was absolutely entitled to an adjournment upon showing an intent to assert an affirmative defense at his criminal trial and requesting an adjournment, and that the failure to provide an adjournment provides Patterson with grounds for a § 1983 action. We disagree with this conclusion. As a preliminary matter, we are not persuaded that New York law creates any entitlement to an adjournment. The case on which Patterson relies for this proposition unequivocally states that "[t]he basic decision . . . as to whether or not to grant an adjournment remains a matter for the hearing officer's discretion." *Matthews*, 460 N.Y.S.2d 746, 447 N.E.2d at 691; *see also id.* at 693 ("In deciding whether or not to grant an adjournment, a hearing officer must weigh the necessity of a speedy revocation hearing against the need to defer to the criminal courts until such time as issues involving the parolee's constitutional rights are resolved. Such a weighing must, of course, be done on a

case-by-case basis . . . ."). It appears likely that the ALJ's decision was well within the boundaries of his appropriate discretion under state law.

Even if we assume *arguendo* that the ALJ did violate state law by refusing to grant an adjournment (and, moreover, that the various defendants Patterson has sued had a legal duty to correct this error), Patterson still would have no federal Due Process Clause claim. Patterson concedes that an adjournment was within the state's power to grant or withhold. *See* Reply Br. at 12 ("Patterson is not claiming that adjournment is always constitutionally compelled."). But "a 'mere error of state law' is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n. 21, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (quoting *Gryger v. Burke*, 334 U.S. 728, 731, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948)). "The Due Process Clause . . . safeguards not the meticulous observance of state procedural prescriptions, but 'the fundamental elements of fairness . . . .' " *Rivera v. Illinois*, — U.S. —, —, 129 S.Ct. 1446, 1454, 173 L.Ed.2d 320 (2009) (quoting *Spencer v. Texas*, 385 U.S. 554, 563–64, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967)). The mere fact that the ALJ might have erred under state law by declining to adjourn—giving Patterson notice and an opportunity to be heard before he did so—does not mean that Patterson's *federal* due process rights have been infringed.

Similarly, to the extent that Patterson claims that state law required his release after the jury verdict was entered in his favor, that claim fails because there has been no adequate showing that state law created a federally protected liberty interest in being released based on a jury verdict entered after his parole revocation hearing. *Cf. Barna v. Travis*, 239 F.3d 169, 171 (2d Cir.2001) (per curiam) (holding, in the context of a prisoner seeking release on parole for the first time, that New York law creates "no liberty interest in parole, and the protections of the Due Process Clause are inapplicable").

We find it unnecessary to reach the grounds on which the district court ruled, and we also express no views as to whether the defendants have absolute immunity or whether the suit is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Patterson argued that the Defendants–Appellees have waived the ground on which we have decided. But we are free to "affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court." *Doninger v. Niehoff*, 527 F.3d 41, 50 n. 2 (2d Cir.2008) (quoting *ACEquip, Ltd. v. Am. Eng'g Corp.*, 315 F.3d 151, 155 (2d Cir.2003)).

We have considered all of Plaintiffs–Appellants' remaining contentions in this appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court dismissing the complaint is AFFIRMED.