■ The People of the State of New York ex rel. Clarence Delaney Jr., Appellant, v New York State Division of Parole, Respondent. [886 NYS2d 236]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered December 29, 2008 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

In 2005, petitioner was sentenced, upon his convictions of forgery in the second degree and criminal possession of stolen property in the fourth degree, to consecutive prison terms of 1½ to 4½ years and 1 to 3 years, respectively. He was released to parole supervision in March 2007 but, shortly thereafter, he was charged with numerous parole violations. Petitioner waived

a preliminary hearing, and a final parole revocation hearing was conducted on July 10, 2007. At the conclusion of the hearing, three of the charges were sustained, petitioner's parole was revoked and a 30-month delinquent time assessment was imposed. When petitioner did not receive a timely response to his administrative appeal, he commenced this CPLR article 70 proceeding for a writ of habeas corpus. Supreme Court dismissed the petition without a hearing. This appeal ensued, and we now affirm.

We reject petitioner's assertion that the Administrative Law Judge who presided over the parole revocation hearing improperly denied his request for an adjournment pending the resolution of criminal charges stemming from the same conduct. Inasmuch as the People's burden of proof is higher in a criminal proceeding than in a parole revocation hearing, the mere possibility of acquittal on the criminal charges did not require an adjournment (*see People ex rel. Matthews v New York State Div. of Parole*, 58 NY2d 196, 203-204 [1983]; *see also People v Conway*, 263 AD2d 548, 549 [1999], *lv denied* 94 NY2d 861 [1999]). Rather, the burden remained on petitioner to raise "any potential conflicts existing because of the interrelationship of the two proceedings" (*People ex rel. Matthews v New York State Div. of Parole*, 58 NY2d at 205). As Supreme Court concluded, petitioner failed to meet that obligation during the parole revocation hearing and, therefore, the court properly dismissed the petition.

Petitioner's remaining contentions concerning the fairness of the hearing and the effectiveness of his attorney have not been preserved for our review inasmuch as he has raised them for the first time in his brief (*see Matter of Lamb v Goord*, 27 AD3d 807, 808 [2006]).

Mercure, J.P., Peters, Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.