██ THE PEOPLE OF THE STATE OF NEW YORK ex rel. AARON MURRAY, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [944 NYS2d 403]—

Peters, P.J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered April 1, 2011 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

In 2005, petitioner was convicted of assault in the second degree and was sentenced to three years in prison, to be followed by five years of postrelease supervision. After serving part of his sentence, he was released to postrelease supervision in August 2007. In September 2008, he was charged with violating the conditions of his release by, among other things, possessing a box cutting razor. A supplementary violation of release report was issued in October 2008 charging petitioner with two instances of threatening his parole officer. Following a final parole revocation hearing, which was adjourned several times and finally completed in May 2009, the above charges were sustained, petitioner's release was revoked and a delinquent time assessment was imposed that was equivalent to petitioner's maximum expiration date. This determination was affirmed on administrative appeal. Petitioner thereafter brought the instant application for a writ of habeas corpus challenging it. Supreme Court dismissed the petition and this appeal ensued.

Initially, we note that petitioner's many procedural objections have not been preserved for our review as he has raised them for the first time in his brief, not at the hearing or in his administrative appeal (see People ex rel. Delaney v New York State Div. of Parole, 65 AD3d 1432, 1433 [2009], appeal dismissed 13 NY3d 904 [2009]; Matter of Peek v Dennison, 39 AD3d 1239, 1240 [2007], appeal dismissed 9 NY3d 860 [2007]). We find no merit to petitioner's claim that the Administrative Law Judge who presided over the hearing was not neutral and detached inasmuch as he conducted the hearing in a fair and impartial manner and the determination of guilt was based on the evidence presented (compare Matter of Moore v Alexander, 53 AD3d 747, 748-749 [2008], lv denied 11 NY3d 710 [2008]). Furthermore, we are not persuaded that the imposition of a delinquent time assessment equivalent to petitioner's maximum expiration date was excessive under the circumstances presented (see Matter of Davis v New York State Bd. of Parole, 81 AD3d 1020, 1021 [2011]; Matter of Bowes v Dennison, 20 AD3d 845, 846 [2005]).

Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.