Matter of Lewis v NYS Dept. of Corr. & Community Supervision (2024 NY Slip Op 51587(U))

[*1]

Matter of Lewis v NYS Dept. of Corr. & Community Supervision

2024 NY Slip Op 51587(U)

Decided on November 19, 2024

City Court Of Elmira, Chemung County

Forrest, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 19, 2024
City Court of Elmira, Chemung County

In the Matter of Charles L. Lewis, Jr., Appellant,

against
NYS Department of Corrections and Community Supervision and Board of Parole.

Case No. A008487/856812

Tasha Kates, Esq.
Attorney for Defendant
Karyn J Yaffee, Esq.
NY DOCC

Steven W. Forrest, J.

Appellant, Charles L. Lewis, appeals from a final revocation hearing held on December 29, 2023 wherein the administrative law judge ("ALJ") issued a handwritten DECISION dated December 30, 2023 sustaining the sole charge of a Rule 8 violation based on appellant's outstanding criminal charge of Petit Larceny on July 24 2023 at approximately 5:30 pm, from Target, 40 Catherwood Road, Lansing, NY. Appellant allegedly stole two Universal Thread dresses, two pairs of In Motion Sweat Pants, and one Good Fellow T-Shirt, said items valued at $129.00.
A parole releasee is permitted to appeal non-technical violation findings in a parole revocation hearing to the lowest level court serving the jurisdiction where the parole revocation hearing was held, i.e., Elmira, NY. Elmira City Court is the lowest level court and it has jurisdiction to entertain this Appeal. See Executive Law § 259-I (4-a)(a). A non-technical violation is defined as "any of the charges sustained by the hearing officer (that) would constitute a misdemeanor or felony if such charges were or had been brought in criminal court." Executive Law § 259-I (4-a)(a).
Penal Law § 155.25 provides: "(a) person is guilty of petit larceny when he steals property." Petit larceny is a class A misdemeanor.
In order to sustain a violation charge under the Executive Law, as amended by the "Less Is More Act" (effective August 8, 2022) there must be clear and convincing evidence that the releasee's conduct violated one or more conditions of release in an important respect. Executive Law § 259-I (3)(f)(x); 9 N.Y.C.R.R. § 8005.20(b).
The final revocation hearing shall be held within thirty (30) days of the preliminary hearing if the parolee is detained, or, within forty-five (45) days if not in custody. The parolee may request extensions of time. The parolee has the same rights and protections as during the [*2]preliminary hearing, including the right to counsel. The hearing cannot be held within a correctional facility or detention center, and shall be presided over by a hearing officer appointed by the department. Executive Law § 259-I (f)(I).All person giving testimony shall be sworn in and made available for cross-examination. Executive Law § 259-I (3)(f)(v). As previously indicated, a violation can only be sustained by "clear and convincing" evidence. Conduct forming the basis of an arrest that subsequently was dismissed, or, resulted in an ACD or acquittal cannot form the basis of a violation. Executive Law § 259-I (3)(f)(viii). See also: Handling a Criminal Case in New York, Muldoon, page 1482, §23:144.
On appeal, the reviewing court "...shall consider de novo issues raised by the appellant, including but not limited to the following: (a) whether any sustained violation charge should have been sustained; (b) whether reduction or dismissal of the alleged violation charge or charges is warranted, in accordance with the principles set forth in section 170.40 or section 210.40 of the criminal procedure law or otherwise; and (c) whether any time assessment and other authorized sanctions imposed by the hearing officer should be vacated , reduced, or, notwithstanding any law, rule or regulation to the contrary, ordered to run concurrently with any sentence, time assessment, or period of reincarceration imposed. Executive Law § 259-I (4)(d).
The principles outlined in sections 170.40 & 210.40 of the criminal procedure law are self evident. They include:
* the seriousness and circumstances of the offense;
* the extent of harm caused by the offense;
* the evidence of guilt, whether admissible or inadmissible at trial;
* the history, character and condition of the defendant;
* any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant
* the purpose and effect of imposing upon the defendant a sentence authorized for the offense
* the impact of a dismissal on the safety or welfare of the community
* the impact of a dismissal upon the confidence of the public in the criminal justice system
* the attitude of the complainant or victim
* any other relevant fact indicating that a judgment of conviction would serve no useful purpose
In addition, it is stated within both statutes that: "(i)n determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively ...." (the aforesaid factors). Id.
The facts of this case, as outlined in the record on appeal, largely are not in dispute. The chronology of events is outlined below:
May 19, 2019 Appellant is convicted of CPCS 3rd Degree in Ontario County, NY and is sentenced to four and one half years in state prison with three years of post-release supervision.
February 2, 2023 Appellant is released to parole after serving his sentence at Mohawk Correctional Facility.
August 21, 2023 A parole violation is issued without a warrant based on two incidents. Appellant was charged with a Rule 8 violation for an alleged petit larceny from a Target Store in the Town of Lansing on July 24, 2023 and a Rule 11 violation for using cocaine without prior authorization. According to parole records, the violation concluded with no delinquency pending court action.
October 19, 2023 Appellant is charged with petit larceny from CVS in the City of Ithaca.
December 1, 2023 Counsel is appointed to represent appellant in the City of Ithaca criminal case.
December 14, 2023 Counsel is appointed to represent appellant in the instant parole violation matter. NYS Division of Parole files a Notice of violation based on the two prior charges from August 2023 and a third charge - a Rule 8 violation for the alleged petit larceny in the City of Ithaca. Appellant is taken into custody that day.
December 15, 2023 Counsel is appointed to represent appellant in the Town of Lansing criminal case. In the morning, appellant is brought to Ithaca City Court and the judge orders an ACD with approximately $19 in restitution. In the afternoon, the same judge presided over appellant's parole recognizance hearing and Appellant was released from custody. Appellant waived his preliminary hearing.
December 20, 2023 The Tompkins County District Attorney's Office makes an offer to Appellant of an ACD with $129 in restitution in order to resolve the Town of Lansing charges.
December 27, 2023 Appellant's final parole revocation hearing. The Division of Parole makes it clear on the record not only that they could not go forward on charge three, the charge that spurred a warrant (City of Ithaca case), but also it would be unable to go forward if appellant received an ACD on the Town of Lansing case (scheduled to be heard on January 4, 2024). The ALJ is told appellant intends to accept the ACD at the next scheduled court appearance in the Town of Lansing, the ALJ sets the matter down for a contested parole violation hearing two days later (December 29, 2023), over the objection of appellant's counsel, who sought an adjournment until January 16, 2024, a date after the Town of Lansing case was scheduled to be heard (R-4). The ALJ denied this request, ruling that:
"...there is friction here between parole and the criminal case and we have an obligation to keep the cases moving forward ...." (R-3);
"...if you read Less is More, counsel, which is poorly written, if that charge was dismissed outright, the Division could proceed on it. Getting an ACD blocks them ..." (R-4,5);
"...(s)o it's not based on what happens in criminal court, it rises and falls on its own as far as parole goes ..." (R-5);
"...I have to get the division a shot to do it .... the way Less is More is written, there is no - where you can sit there and say this makes any sense at all ..." (R-5);
"...(H)e's not in custody and the bottom line is I'm going to give the division a shot at it ..." (R-5);
After finding out appellant's counsel has a commitment in Tompkins County Court at 10:00 a.m (R-3), the ALJ schedules the hearing for 2:00 pm (R-5).
December 29, 2023 Contested final parole revocation hearing. The Division proceeds only on Count 1 - the Rule 8 violation based upon the criminal charge pending in the Town of Lansing. Counts 2 & 3 were dismissed.
December 30, 2023 ALJ issues a handwritten DECISION & ORDER finding that "the releasee's behavior is a threat to the public as well as the Asset Protection Leader," that charge #1 is very serious in nature (and that), the releasee is ordered to be held until his MAXIMUM EXPIRATION."
It is from this contested final revocation hearing and Decision issued by the ALJ that appellant appeals.
The critical issue which first must be addressed by this Court is whether the ALJ acted reasonably in not only denying appellant's request to adjourn the final revocation hearing until January 16, 2024, but also scheduling same forty-eight (48) hours later. The Board argues that adjournments in parole revocation proceedings are a matter left to the sound discretion of the ALJ and that it was permissible to ".... move the parole revocation proceedings along ...." (B-10), citing People ex rel Matthews v New York State Division of Parole, 58 NY2d 196 (1983); 9 N.Y.C.R.R. § 8005.17(d).
In People ex rel v NYS Div of Parole, supra, the issue was whether the denial of petitioner's request that the final parole revocation hearing be adjourned until such time as the criminal charges pending against him were disposed of was an abuse of discretion or deprived petitioner of his right to due process. The hearing officer denied the request finding that defendant failed to show that he intended to raise an affirmative defense at trial, which the ALJ concluded was a prerequisite to People ex rel Dowdy v Smith, 48 NY2d 477 and that defendant failed to raise any other point that might require an adjournment. Id. at 199, 200. The Court of Appeals, in agreeing that adjournments remain a matter within the hearing officer's discretion, also stated:
"....(t)his is not to say that we would so conclude in all cases where an adjournment was sought. Indeed, this court has long recognized the necessity of conducting parole revocation hearings in such a manner that the parolee's due process rights are afforded the utmost protection. (Matter of Beattie v New York State Board of Parole, 39 NY2d.445; People ex rel. Piccarillo v New York State Board of Parole, 48 NY2d 76) ... (t)hus, this court must decide whether or not this officer abused his discretion as a matter of law or exercised it in a manner which infringed on petitioner's due process rights ...." Id 
@ 201.
This Court, in examining 9 N.Y.C.R.R § 8005.17(d) notes language where adjournment may be granted by the presiding officer; "... upon good cause shown, having due regard for the interests of the parties and the obligations of the Board to hear the case ...." Id. 
@ (d)(2), (3); .... "(a) djournments and continuances may be further managed; not inconsistent with the rights of the parties pursuant to guidance or policy of the Board ...." Id. 
@ (d)(4).
Appellant argues that his due process rights were violated when the ALJ abused his [*3]discretion in scheduling a contested hearing two days after his final parole revocation hearing.
With this contention, this Court must agree. The facts of the instant case shown on the record are substantially different than the facts as outlined in People ex rel Matthews v NYS Div of Parole; supra. As the record indicates, on December 27, 2023, the ALJ is informed that appellant already has been offered an ACD, that he intends to accept same in the Town of Lansing Court on January 4, 2024, and the Board of Parole makes it clear to the ALJ that in that instance, it would be unable to go forward on the aforesaid charge. On December 27, 2023, the record reveals:
PRS VanAtta:
"....(m)y understanding from counsel is that one of the petit larceny charges has already been resolved with an ACD and the plan is to resolve the other one also with an ACD, in which case we would not be able to pursue it. We would - my understanding is he's not willing to take a plea today, that we schedule it for a contested hearing two weeks from now; and if the charge is still pending, we will go forward. And if it's not, then we will go along with a revoke and restore .... (R-lines 18 through 25) (Emphasis added).
It is clear from the record that both parties are requesting that the ALJ reasonably adjourn the contested hearing at least two weeks in contemplation of stated expected developments in the criminal case. 
This Court finds that all other issues raised by appellant are directly related to the ALJ's abuse of discretion in denying the joint request of the parties for at least a two-week adjournment and in unilaterally scheduling the contested hearing a mere forty-eight (48) hours after the final revocation hearing date. This Court, in finding that the ALJ exercised his discretion in a manner which infringed on appellant's due process rights, notes the following:
*appellant was not physically present for the hearing, he was unable to get a ride from Ithaca to Elmira; therefore, his participation was by phone only; and there existed problems of using a cell phone first and then a land line;
* This Court agrees with appellant's arguments that this unilateral; short, two-day adjournment in a period of time between Christmas and New Year's improperly infringed upon his ability to properly prepare a defense to same.
* The contested hearing contains sworn testimony from a witness, Deputy Gunn, who not only wrote a police report, but reviewed same prior to giving his testimony at the contested hearing. (T-5,6,7,8)
This report was never shared with either party and was not produced at the contested hearing. On the record it is further disclosed:
ALJ: "...I note your objection .... and I get what you're saying ...but we're talking about a petit larceny and on top of, quite honestly, your client knows more about the case than all of us as far as that goes ...." (T-7)
The case is alleged to have occurred on July 24, 2023 (T-8) and yet, as aforesaid stated, appellant wasn't afforded counsel on the Town of Lansing case until December 15, 2023. Despite these uncontested facts, the ALJ states in his decision the following:
"The Division does not have to provide any documentation which it does not have, .... [*4]certainly, the Division must turn over all documents which it does possess. I find No violation of the discovery rules. Additionally, nothing ever stops the defense from obtaining any documents, or talking to any witness it wishes to ...." (Decision pgs10, 11)
*This Court also is aware of the other discovery related arguments of appellant - receiving a witness list the day before the contested hearing, Lansing Town Court being closed over the holiday period between Christmas and New Year's, the existence of a previously unknown witness (Brandy), and the surveillance camera screenshot not having been produced or turned over.
This Court further finds that all of the aforesaid issues infringing on appellant's basic constitutional rights of due process would have been avoided but for the ALJ's unilateral decisions in abuse of his discretion to deny the joint request of the parties of a two-week adjournment and then to schedule the contested hearing a mere forty-eight (48) hours later. In the record it is disclosed, and, this court finds, that the ALJ abused his discretion essentially rushing through a contested hearing two days later in order to give the Board "a shot at it .... (R-5) when the Board is not asking for a shot, and, in fact, is jointly requesting a reasonable adjournment of only two weeks."
This Court in review, and in considering of the principles outlined in sections 170.40 and 210.40 of the criminal procedure law, also must question the ALJ's decision to hold appellant until his maximum expiration date on a simple shoplifting case, finding that:
"(t)he Releasee's behavior is a threat to the public as well as the Asset Protection Leader. Charge #1 is very serious in nature and the Releasee is ordered to be held until his MAXIMUM EXPIRATION DATE ...." (D-page 27)
Whereas this Court is mindful of the arguments of the Board (conviction in multiple states, the short time on parole, new criminal behavior, etc), it is noted that Mr. Newton, the asset protection officer, testified during the course of the hearing (T-pages 16 through 25), and the record contains the following testimony;
".... I attempted to stop him. He got upset with me because I was stopping him, and then he just went on his way ....". (T-page 17)
This Court finds that there is no other clear and convincing evidence in the record to substantiate a finding by the ALJ that releasee's behavior is a threat to the public as well as the Asset Protection Leader. And the Court agrees with appellant that the ALJ's findings in this regard were arbitrary and capricious.
For all the foregoing reasons, it is hereby,
ORDERED that the ALJ's decision finding Charge 1, a Rule 8 violation, to be a non-technical violation be reversed in its entirety, and it is further,
ORDERED that appellant be restored to supervision.
This Constitutes the DECISION and ORDER of this Court.
Dated: November 19, 2024
Steven W. Forrest
Elmira City Court Judge
Acting Chemung County Court Judge